## JOHN G. SNODGRASS V. JENNETTE A. SNODGRASS.

DIVORCE — *Division of Property.* Where a wife wrongfully procures the title to the homestead and other property to be transferred direct from the husband to herself, and then drives him from the premises, and he afterward obtains a divorce because of her wrongs, the property should be divided equitably between the parties, and he should have a fair share of the same.

*Error from Shawnee District Court.*

THIS was an action commenced in the district court of Shawnee county on February 10, 1887, by *John G. Snodgrass*, against *Jennette A. Snodgrass*, who were husband and wife, for a divorce, on the ground of extreme cruelty and gross neglect of duty, and for an equitable division of the property. On July 30, 1887, the case was tried before the court without a jury, and the court made the following conclusions of fact and of law, to wit:

"CONCLUSIONS OF FACT.

"1. About July 31, 1856, the plaintiff and defendant were lawfully married as husband and wife; and the plaintiff was a *bona fide* resident of this county at the commencement of this action, and had been a *bona fide* resident of this county continuously for several years before the commencement of this action.

"2. There were born to the plaintiff and defendant as issue

of such marriage four children, three of whom are now living, to wit, Robert, aged 28 years, Rufus, aged 26 years, and Effie, aged 20 years; and all of said children are able to and do earn their own living, and take care of themselves, and without any help from plaintiff or defendant.

"3. The plaintiff is about 59 years old, and the defendant is about 57 years old.

"4. About 1876 plaintiff was the owner of 146 acres of land in Indiana, subject to a mortgage, and on or about that date plaintiff traded the same for the premises described in the plaintiff's petition, and took the title to the same in his own name.

"5. In 1879 the plaintiff, having contracted debts he could not pay, and for the purpose of borrowing money on the premises described in plaintiff's petition, the plaintiff and defendant joined in a mortgage deed to secure the sum of $525 with interest; this mortgage was held by one McClamrock, of Indiana.

"6. About June 12, 1882, the plaintiff, having failed to pay the interest on said $525 mortgage, and the taxes on said premises, McClamrock came from his home in Indiana and insisted on the payment of his interest, or interest and principal and taxes, and threatened to foreclose the said mortgage unless the plaintiff made some arrangement with respect to the mortgage; the plaintiff was wholly unable to pay the interest on this mortgage to McClamrock, the holder of said mortgage, and thereupon McClamrock proposed to take a new mortgage to cover the principal and interest of his mortgage of $525; the defendant refused to join with the plaintiff in the execution of said mortgage to McClamrock, unless the plaintiff would convey to defendant the title to the premises described in plaintiff's petition; after one or two days' conference between the plaintiff and McClamrock, and the plaintiff and defendant, and after he had consulted his children, and upon the assurance of the defendant that he should always have a home on the premises described in plaintiff's petition with the defendant, the plaintiff agreed to convey to the defendant said premises, and all the personal property on said premises, and the defendant agreed to join with the plaintiff in a new mortgage to McClamrock on said premises for $800, to enable the plaintiff to settle the $525 principal and interest, etc., and agreeably to this understanding between the plaintiff and defendant, the plaintiff and defendant came to Topeka June 12, 1882, and the plaintiff executed and delivered to the defend-

ant a warranty deed for the premises described in plaintiff's petition, to wit, the northwest fractional quarter of section number five, in township number eleven, of range sixteen east, in Shawnee county, containing about one hundred and fifteen acres more or less. This deed was made by plaintiff to defendant subject to a mortgage of even date of said deed on said property executed at said time with the said deed and at the same place by the plaintiff and defendant to said Robert McClamrock, to secure the sum of $800, and which sum of $800 was evidenced by a promissory note of even date; the execution of the said warranty deed by plaintiff to defendant, and the execution of the note and mortgage by plaintiff and defendant to Robert McClamrock was one transaction; the said McClamrock canceled the mortgage held by him before that time for $525 with the accrued interest thereon; June 20, 1882, the defendant caused the said warranty deed to be recorded in the register of deed's office of Shawnee county; on the same day and as a part of the same transaction, the plaintiff executed and delivered to defendant a bill of sale of all the personal property owned by plaintiff on said premises, of about the value of $790.

"7. At the time aforesaid the plaintiff was indebted to various parties, other than McClamrock, in the sum of about $1,390.

"8. The said mortgage of $800, executed by plaintiff and defendant to McClamrock, is still outstanding, and with interest amounting to about $200, and the principal and interest of said mortgage amount to a little over $1,000, which is unpaid.

"9. The premises described in plaintiff's petition are now, and have been since 1877, the homestead of plaintiff and defendant.

"10. Said premises described in plaintiff's petition are of the value of $60 per acre, or $6,900 for the one hundred and fifteen acres included in said tract.

"11. The defendant is now the owner of about $100 in value of personal property, which is the proceeds of the property turned over to her under the bill of sale, and this, with said homestead of 115 acres, is all the property of both plaintiff and defendant.

"12. The plaintiff has no property except what interest he may have in said homestead and personal property.

"13. The rental value of said premises is about $350 per annum.

"14. Defendant has had the exclusive use and benefit of said personal property and homestead since June 12, 1882, and the defendant has excluded the plaintiff from the use and benefit of any of said property since 1882.

"15. The defendant has paid for the plaintiff, since the making of the deed of conveyance to defendant and the execution of the mortgage for $800 to McClamrock, and the making and delivery of the bill of sale by plaintiff to defendant for the personal property on the farm June 12, 1882, about $916 personal debts; and among other debts included in said sum of $916 was a chattel mortgage executed by plaintiff on some personal property, principal and interest paid by defendant, of the sum of $280.

"16. The plaintiff is indebted to various parties for debts due from him June 12, 1882, besides what is due from him for legal services to his attorneys, about $475. This sum of money was due from the plaintiff at the time of the transaction between the plaintiff and defendant of June 12, 1882, and has not been paid by either plaintiff or defendant, nor has said sum of money, or any part of it, become barred by any statute of limitation.

"17. The plaintiff is a miller by trade and occupation, and has followed his said trade and occupation nearly all his active life, and seems to have failed to make farming a success, or be adapted to the business of farming, and, considering his age, the plaintiff enjoys reasonable health and vitality.

"18. The defendant was raised as a farmer's daughter, and has resided on a farm most of her married life, and is a frugal thrifty, industrious, hard-working, self-willed woman, and considering her age, seems to be a vigorous, strong and healthy woman.

"19. At the time of the execution of the warranty deed by the plaintiff to the defendant for said premises, and the execution of the note and mortgage by plaintiff and defendant to McClamrock for $800 on said day, and the execution of the bill of sale to defendant for the personal property on the farm, the defendant represented and promised to the plaintiff that she could manage the farm better than he could, and that she could manage to pay plaintiff's debts and relieve the family from the vexations of chattel and real-estate mortgages if the property was conveyed and turned over to her, and that if such conveyance and transfer was made by plaintiff to said defendant, she would by her frugality, thrift and management

32—40 KAS.

pay and take care of such debts, and that the plaintiff should have a home with the family on the premises; that the plaintiff, relying on said promises made by the defendant, and believing that the defendant might save some of the property for his family, and that he would share the benefits of the property with the defendant and his family, executed the said deed for said premises and said bill of sale for said personal property to defendant on June 12, 1882; that very soon after said deed for said premises and said bill of sale for said personal property were executed by plaintiff to defendant, the defendant wrongfully and against plaintiff's will excluded the plaintiff from said premises, his said home, and compelled him to procure a home elsewhere, and has never since permitted the plaintiff to occupy and enjoy any of his rights as defendant's husband, on said premises.

"20. The plaintiff is entitled to a divorce from the defendant on the ground of extreme cruelty and gross neglect of duty.

"21. The plaintiff has an equitable interest in said premises in plaintiff, and after the application of the rents and profits arising from said premises to the payment of the taxes and interest on money borrowed or to be borrowed by defendant on said premises, the balance of the income from said premises ought to be ascertained and computed by this court, and divided between the plaintiff and defendant; and, in order to make the plaintiff's right certain, a sum gross should be found for the plaintiff payable in semi-annual installments, and declared a second lien on said premises, subject only to a mortgage to be executed by defendant for $1,200, to enable her to pay off the McClamrock mortgage and the costs in this action; and the court now finds the value of the plaintiff's equitable and just interest in said premises is $1,200."

"CONCLUSIONS OF LAW.

"1. The plaintiff is entitled to a divorce from the defendant as prayed.

"2. The plaintiff should have for his equitable and just interest in the premises described in plaintiff's petition, on account of the fraud, bad faith and deception practiced by the defendant on June 12, 1882, on plaintiff, and on account of his age and poverty, the sum of $1,200 without interest, payable by the defendant to plaintiff as follows: $50 on October 1, 1887, and $50 on each succeeding six months until the whole sum of $1,200 is paid by the defendant to plaintiff; and such sum of money ought to be made and declared a lien

on the premises described in plaintiff's petition, subject to any mortgage the defendant may place on said premises for borrowed money, not exceeding $1,200, bearing interest at a rate not exceeding 8 per cent. per annum."

Judgment was rendered in accordance with the foregoing conclusions of law, as follows:

"It is therefore ordered and decreed by this court that the marriage relation heretofore existing between the plaintiff and the defendant be and the same is hereby set aside and wholly annulled, and the said parties wholly relieved from the obligations of the same. And it is further adjudged and decreed that said defendant do pay to said plaintiff for his equitable, fair and just interest in and to the real estate described in plaintiff's petition, to wit: the northwest fractional quarter of section number five, in township number eleven of range sixteen east, in Shawnee county, Kansas, containing about one hundred and fifteen acres, more or less, the sum of $1,200, payable as follows, to wit: $50 October 1, 1887, and the further sum of $50 each succeeding six months thereafter until the whole sum of $1,200 is fully paid. It is further ordered, adjudged and decreed that the said sum of $1,200 so found to be due and owing from the defendant to plaintiff be and the same is hereby made a lien on said premises; provided, however, that the defendant, for the purpose of paying off and discharging the mortgage payable to and held by McClamrock, and to enable her to pay the expenses of this action and taxes, if any there be, due on said premises, may execute another mortgage for the purpose of borrowing money for the purpose aforesaid in any sum not exceeding $1,200, with interest not exceeding 8 per cent. per annum and which mortgage so executed by the defendant for the purpose aforesaid shall be a first lien on said premises and the lien of the plaintiff for the security and payment of said sum of $1,200 shall be the next lien, to the exclusion of all other liens.

"It is further ordered, adjudged and decreed by the court, that in case the defendant shall fail or neglect to pay to the plaintiff any of said sum of money for ten days after the same becomes due and payable, execution shall issue against the said defendant in favor of the plaintiff for the sale of said premises, and the whole of said sum shall become due and payable to the plaintiff, and shall be payable to plaintiff out of the proceeds of the sale of said premises by the sheriff on said execution.

"It is further ordered, adjudged and decreed, that in the event or in case the McClamrock mortgage shall be foreclosed by the holder thereof, or in case any other mortgage shall be executed by defendant on said premises, and the same shall be foreclosed, then and in that case all the payments to be made by defendant to plaintiff shall become due and payable to plaintiff.

"It is further ordered and adjudged that the plaintiff recover of and from defendant his costs, paid, laid out and expended in this action, taxed at $——, and that said installments to be paid plaintiff shall not draw interest.

"It is further ordered and adjudged by the court that the defendant shall not convey or incumber said real estate mentioned in plaintiff's petition, as hereinbefore stated, until this case is decided in the supreme court."

The plaintiff brings the case here.

*Hazen & Isenhart,* for plaintiff in error.

*Frank Herald,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff and the defendant were husband and wife up to the time of the rendering of the judgment in this case, which was on August 1, 1887, at which time the court below granted a divorce to the plaintiff on the ground of extreme cruelty and gross neglect of duty on the part of the defendant, and at the same time made a division of the property. The plaintiff, not being satisfied with the division of the property, brings the case to this court for review; and whether the division of the property was equitable or not as toward the plaintiff, is the only question now presented. There are no minor children to be taken care of by either party. It seems that on June 12, 1882, the plaintiff owned all the property owned by both or either. On that day he conveyed it to his wife, the real estate being worth about $6,900, and the personal property being worth about $790, total $7,690. The plaintiff at the time owed to various persons about $2,190, which his wife, the defendant, agreed to pay. Of this amount $800 was secured by a mortgage on

the real estate, and another portion of the same, but how much is not shown, was secured by a chattel mortgage on the personal property. The real-estate mortgage had not yet been paid or satisfied, and at the time of the rendering of the judgment, it amounted, principal and interest, to about $1,000. Of the other debts, the defendant had paid about $916, leaving, as the court finds, of the other debts, $475 still due and unpaid, and for which the plaintiff is liable.

At the time of the rendering of this judgment, the real estate was worth about $6,900, and the personal property still remaining in the hands of the defendant was worth about $100, which still left in her hands, of the property conveyed to her by her husband, an amount worth about $7,000. If the mortgage on the real estate be deducted from this amount it would leave in her hands about $6,000 worth of the aforesaid property. And if the other debts of the husband still remaining due and unpaid should also be deducted it would leave in her hands of the property an amount worth about $5,525. Neither of the parties had any other property at that time. It would seem to us that out of the aforesaid property all the aforesaid debts should be paid, those not secured by the mortgage as well as those secured by the mortgage, and that after paying such debts the remaining property should be equitably divided between the parties; and this it would seem would give to the plaintiff a fair share of the property. Originally he owned all the property, the real estate being his homestead, and the defendant had none. She wrongfully obtained the title to all this property in herself, he executing a deed for the real estate and a bill of sale for the personal property *direct to her*, and it was for her fault that the divorce was granted. Soon after obtaining the title to all this property in herself, she drove her husband from the premises, an old man, houseless, homeless, moneyless, without property, and among strangers; treated him with extreme cruelty, and grossly neglected her duty as toward him. It would seem to us that, under the circumstances, she should not have more than one-half of the property; but the district court has ren-

dered judgment otherwise, and as that court has had an opportunity of seeing the parties and the witnesses, and of hearing all the testimony orally, and has therefore had a better opportunity of knowing what would be exact justice between the parties than we have, we shall not order the judgment of that court to be modified to the extent above indicated; but still we think it should be modified to some extent. We should think that the judgment should be modified so that if the defendant is permitted to retain the aforementioned property or to have the benefit thereof, she should be required to pay all the aforementioned debts still due and unpaid; and if she cannot pay the same immediately, then that she be permitted to mortgage the real estate for an amount sufficient to pay the same, and we think the defendant should also be required to pay to the plaintiff semi-annually *during his life-time,* one-half of the net income of the property, taking into consideration the taxes, interest, etc., on the land. The amount to be paid would perhaps be, in accordance with the findings of the court below, about $50 every six months, and this part of the judgment of the court below might be permitted to remain. If this arrangement cannot be carried out, or if the plaintiff should fail at any time to pay the above debts, or the taxes on the land or interest, or to pay the plaintiff the amount due him, then the land should be sold, and after paying all the debts, taxes, interest, etc., then the proceeds should be equally divided between the parties.

Divorce—judgment, modified.

This cause will be remanded, with the order that the judgment of the court below be modified in accordance with the views expressed in this opinion.

All the Justices concurring.