No. 20,060.

ROSE C. MILLER, *Appellant,* v. MELVIN D. MILLER, *Appellee.*

SYLLABUS BY THE COURT.

DIVORCE—*Amount of Alimony—Judicial Discretion.* Before a judgment awarding alimony will be reversed it must appear by all the circumstances surrounding the parties to the action that the trial court abused its discretion in determining the amount.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed April 8, 1916. Affirmed.

*J. I. Sheppard,* of Fort Scott, and *C. S. Denison,* of Pittsburg, for the appellant; *John L. Kirkpatrick,* of Pittsburg, of counsel.

*B. S. Gaitskill,* of Girard, *John P. Curran,* and *J. J. Campbell,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff was granted a divorce from the defendant because of his extreme cruelty to the plaintiff. From the judgment awarding alimony to her she appeals.

The divorce was not contested by the defendant. There was a contest concerning the alimony. At the time the action was tried the defendant owned property valued at about $53,000.

The plaintiff as alimony was awarded property valued at about $10,000. They had been married about a year. The defendant had been previously married and had two children living by his first wife. At the time of his first marriage the defendant had about $1500 in money and property, and his wife had and furnished to him $10,000 in cash, which went into the defendant's estate. At the time the action was tried the defendant was engaged in the hardware business with J. H. Beasley. The plaintiff before her marriage to the defendant worked for the defendant's firm for $60 per month, and continued to work for the firm at the same salary after her marriage. One child, born after the divorce was granted, resulted from the marriage of the plaintiff and the defendant. This child has been sickly ever since its birth. The plaintiff was given the care, custody and control of this child, but no provision was made for its maintenance.

The plaintiff complains of the amount awarded to her as alimony.

"The amount of permanent alimony varies with the circumstances of each case. It must be reasonably within the means of the husband and must be sufficient for the needs of the wife considering her ability, her age and condition. The fact that she contributed to amassing the husband's estate is always a factor in determining the amount, as is also the fact that she assumes the custody and support of the children." (3 M. A. L. 500.)

"The determination of the amount of permanent alimony is controlled by no fixed standard, but rests, rather, in the sound discretion of the court, which, being judicial in character, is not liable to be reviewed by an appellate court except where it is evident that there has been a clear abuse thereof." (1 R. C. L. 929.)

"The amount to be awarded as permanent alimony is largely in the discretion of the court." (14 Cyc. 773.)

This rule is supported by *Blankenship v. Blankenship*, 19 Kan. 159; *Avery v. Avery*, 33 Kan. 1, 5 Pac. 418; *Snodgrass v. Snodgrass*, 40 Kan. 494, 501, 20 Pac. 203; *Leach v. Leach*, 46 Kan. 724, 729, 27 Pac. 131; *Galutia v. Galutia*, 72 Kan. 70, 82 Pac. 461. The trial court had an opportunity of seeing the parties and witnesses and of hearing all of the testimony, oral and otherwise, and had a better opportunity of knowing what would be exact justice between the parties than this court has. (*Snodgrass v. Snodgrass*, supra; *Galutia v. Galutia*, supra.)

"The defendant's case is not like the case of that class of wives who bring something to their husbands, or who after marriage assist their husbands in accumulating wealth or property, for she brought nothing to her husband, and afterwards largely retarded and hindered him from accumulating wealth and property, and was largely the cause of reducing his wealth." (*Leach v. Leach,* 46 Kan. 724, 729, 27 Pac. 131.)

No provision has been made for the maintenance of the child of the plaintiff and the defendant. That matter may yet be adjusted as circumstances may justify. (*Riggs v. Riggs,* 91 Kan. 593, 138 Pac. 628; *Cheever v. Kelly,* 96 Kan. 269, 150 Pac. 529; *Rowell v. Rowell,* ante, p. 16, 154 Pac. 243.) We can not say that the trial court abused its discretion in the amount awarded to the plaintiff for alimony.

The judgment is affirmed.