No. 21,521.

Rose C. Miller, *Appellee*, v. Melvin D. Miller, *Appellant*.

SYLLABUS BY THE COURT.

1. Judgment—*Motion to Correct Judgment Nunc pro Tunc—Final Order—Appeal.* An order refusing to consider a motion to correct a judgment *nunc pro tunc*, and striking such motion from the files, is a final order from which an appeal is allowed by the civil code.

2. Same—*Motion to Correct Judgment—Technical Errors Disregarded.* The provisions of the code and the rules of court concerning the presentation of appeals must be read and applied in the light of section 581 of the code, which commands that mere technical errors and irregularities not affecting substantial rights nor causing any uncertainty in the matter under review are to be disregarded.

3. Same—*Motion to Correct Judgment Should be Heard.* Matters of evidence and estoppel which may be sufficient to defeat a motion to correct a judgment considered, and held insufficient to justify a refusal to consider the motion on its merits and insufficient to justify an order to strike the motion from the files.

Appeal from Crawford district court; ANDEW J. CURRAN, judge. Opinion filed May 11, 1918. Reversed.

*Archie D. Neale,* of Chetopa, and *John J. Campbell,* of Pittsburg, for the appellant.

*C. S. Denison,* and *John L. Kirkpatrick,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is the aftermath of a divorce case (*Miller v. Miller,* 97 Kan. 704, 156 Pac. 695), and is brought here to review an order of the trial court in which a motion to correct the original judgment *nunc pro tunc,* was stricken from the files and a consideration thereof upon its merits denied.

The motion was to correct the judgment so as to show that the ten thousand dollars' worth of property awarded to the appellee in the divorce case for permanent alimony was for the support of her child as well as for her own support. The original judgment did not, in specific words, make provision for the child.

It is urged by appellee that this is not an appealable order. This court decides otherwise. It is a final order, and therefore reviewable. (Civil Code, §§ 565, 566.)

It is also urged that certain code provisions and rules of court relating to procedure and practice in appeals have been somewhat disregarded by appellant. These rules and provisions are wisely designed to guide attorneys in the logical and methodical presentation of their cases to the supreme court, but this appeal presents so simple a point that disregard of these rules in this instance does not confuse or perplex the court and will not necessitate a dismissal. (Civil Code, § 581.)

It is also urged that the briefs and arguments of counsel in the principal case, *Miller v. Miller,* supra, disclose that there was no mistake in the original judgment; that the minutes in the judge's trial docket show that the judgment was accurately entered in conformity with the trial court's determination thereof; and appellee "emphatically" denies "that the journal entry of judgment did not speak the truth as to the judgment actually rendered," etc. The element of estoppel is also brought forward. But all of these matters have re-

lation to the issue presented by the motion to correct the judgment. They are matters of defense to the motion. They may convince the trial court that the allegations of the motion and the evidence in support of it are untrue, and that the motion should be denied. They are, however, no answer to appellant's grievance, which is that the trial court would not hear him, would not consider his motion, nor hear his evidence, and struck his motion from the files.

It is also contended that an appellate court will not review a decision of a trial court denying a motion *nunc pro tunc* to correct a judgment. That, again, goes to the merits or demerits of the motion. That rule does not apply to the question of the appellant's right to a hearing on his motion. However little merit such a motion may contain, if it be intelligibly and respectfully presented, it should be heard, and should be sustained or denied according to its deserts.

Reversed.