Blair v. Blair.

No. 22,441.

JOHN H. BLAIR, *Appellee*, V. LILLIE C. BLAIR, *Appellant*.

SYLLABUS BY THE COURT.

1. HUSBAND AND WIFE—*Postnuptial Agreements.* A valid agreement as to property rights may be made between husband and wife who have separated or who contemplate an immediate separation.

2. DIVORCE—*Postnuptial Agreement Concerning Property Executed— Further Alimony Within Judicial Discretion.* In an action for divorce the court may exercise a broad discretion in the allowance of alimony and may give consideration to the conduct of the applicant, an antenuptial agreement and a final settlement, and the amount of money paid under such agreements, the duration of the marriage relation, and other pertinent circumstances, and herein it is held that the discretion of the court was not abused in adjudging that the defendant was not entitled to alimony.

Appeal from Lincoln district court; DALLAS GROVER, judge. Opinion filed January 10, 1920. Affirmed.

*N. H. Mapes,* and *Frank Dolezal,* both of Fremont, Neb., for the appellant.

*Lee Jackson,* of Minneapolis, *C. W. Burch, B. I. Litowich,* and *LaRue Royce,* all of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment granting John H. Blair a divorce from Lillie C. Blair because of her fault, and decreeing that by reason of certain agreements between them and payments made by the plaintiff, the defendant was not entitled to an allowance of alimony.

The main contention of the defendant is that the findings and judgment are not supported by the testimony. A recital of all the testimony in the case would not be justified, since it was conceded at the oral argument that upon an appeal this court cannot weigh conflicting testimony nor set aside findings of fact based on supporting testimony, and therefore the findings in question must be upheld. Even if the concession had not been made, it must have been concluded by this court that there was competent and substantial evidence before the trial

court fairly tending to support its findings. The ground of divorce was abandonment, and plaintiff alleged that matters of alimony and the adjustment of property rights had been settled and determined by the agreement of the parties. They were married on September 1, 1914, each at that time having a number of children by a former marriage. The defendant was a niece of plaintiff's former wife and, although a resident of another state, had often visited in plaintiff's home, and as two of her sisters lived in the community with plaintiff she had an opportunity to learn, and it appears that she was reasonably well informed as to the plaintiff's situation and financial condition at the time of the marriage. The extent of his property and the income derived from it was frankly discussed between them, and in contemplation of the marriage an antenuptial agreement was made, which was executed shortly before the ceremony was performed. Because of the loss of that agreement, another in like terms was executed about two months after the marriage had taken place. The agreement, in short, was that he would pay her $2,500, that there should be a segregation of their property rights, each to hold and dispose of his or her then owned or afterwards to be acquired property as fully as if no marriage had occurred. They lived together about two years, when a disagreement arose and defendant left the plaintiff and returned to Nebraska. During the time that they lived together plaintiff paid his wife $1,600 of the amount stipulated in the antenuptial agreement. Some criticisms of this agreement and the manner in which it was obtained have been made, but it is now conceded that it is a valid and binding contract.

An attack is made on the refusal to allow alimony, and the enforcement of the final settlement that was made between the parties. After the defendant had abandoned plaintiff and declared that she would never live with him again, a final adjustment of their property rights was arrived at and, on the payment to the defendant by plaintiff of $200 in addition to the $1,600 already mentioned, the following writing was executed:

"This agreement made and entered into this 19th day of August, 1916, by and between Lillie C. Blair, party of the first part and J. H. Blair, party of the second part, both of Barnard, Lincoln county, Kansas, husband and wife:

Blair v. Blair.

"Witnesseth, that said Lillie C. Blair party of the first part, for and in consideration of eighteen hundred ($1,800.00) dollars, paid by J. H. Blair to Lillie C. Blair, the receipt of which is hereby acknowledged, does hereby release all claim, right, title, interest, estate or right of action of whatsoever nature in any and all property, both real, personal and mixed now owned or hereafter acquired by the said J. H. Blair.

"In witness whereof said parties have attached their signature this 19th day of August, 1916.                    "Lillie C. Blair,
                                        "*Party of the first part.*

                                        "J. H. Blair,
                                    "*Party of the Second Part.*"

It is insisted that the writing is not a valid separation agreement, that it lacks sufficient consideration, and is not fair and reasonable in its provisions. Although some aspersions have been cast upon the attorney who prepared the agreements, they appear to be wholly unwarranted. Nothing in his action indicates a violation of any law or rule of professional ethics. Instead of a showing of duress or deceit, the defendant's testimony shows that the transaction was openly and fairly conducted. After the terms of the agreement had been arranged and she had stated the amount to which she thought herself entitled, the plaintiff offered to supplement it by the payment of $125 more than she asked for. There was no lack of consideration, and a valid agreement as to property rights may be made between husband and wife who have separated or contemplate an immediate separation. (*King v. Mollohan*, 61 Kan. 683, 60 Pac. 731; *Amspoker v. Amspoker*, 99 Neb. 122; Note, 12 L. R. A., n. s., 848.) Although not in form a separation agreement, it evidenced a final settlement of their property rights. A separation had occurred through no fault of the plaintiff. No stipulation was made in the writing relating to a divorce, nor is there anything in the proof that a divorce was then within the contemplation of the parties. The writing, whether it is treated as a separation agreement or only as a receipt for money paid in the settlement, was a proper matter for consideration in determining whether alimony should be allowed to the defendant.

Although the court was not bound by the agreements of the parties as to the sufficiency and reasonableness of the allowances made to the defendant, it was at liberty to take into account the unjustifiable conduct of the defendant in abandon-

ing the plaintiff, the antenuptial agreement, and the money paid in pursuance of it, as well as what was subsequently paid on the final adjustment after the separation had occurred, the short time she remained in plaintiff's home, what she contributed to the estate while she lived with him, the financial condition of each, and other circumstances not necessary to mention.

In view of the circumstances that have been mentioned, we cannot say that the court ruled erroneously in adjudging that defendant was not entitled to alimony or any further allowance. In awarding alimony, a broad discretion is given to the trial court in determining what allowances shall be deemed sufficient in cases of this character, and it cannot be held that its discretion was abused in this instance.

Judgment affirmed.