No. 25,295.

ANNA GERLECZ, *Appellant*, v. JAMES GERLECZ, *Appellee*.

SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*Amount of Alimony to Wife Not an Abuse of Judicial Discretion.* The proceedings considered, and *held,* allowances to a woman who was granted a divorce from her husband, for support of their child and for alimony, were not so illiberal that this court can declare the district court abused its discretion.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 6, 1924. Affirmed.

*David F. Carson,* of Kansas City, for the appellant.

*H. S. Roberts,* of Kansas City, for the appellee; *James Gerlecz,* of Kansas City, *pro se.*

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from an award of alimony to a wife who was granted a divorce.

When the divorce was granted the parties had certain real and personal property, which the court divided between them as equally as could be done. The real estate consisted of three tracts of city property. Plaintiff was given one tract, worth $4,000 and free of incumbrance. Defendant was given the remainder of the real estate. One tract has been sold on contract calling for the sum of $3,300, payable in installments. The other tract is worth $4,000, but is subject to a mortgage of $3,000, which defendant was required to pay. Plaintiff was given the household goods, including a piano, and defendant was given the tools of his trade and a Ford sedan, 1922 model, substantially equal in value to the household

Gerlecz v. Gerlecz.

goods. The parties have one child, a daughter, who was past seventeen years of age when the decree was rendered, and who was placed in custody of her mother. Defendant was required to support the daughter during minority, and was required to pay plaintiff for the support of the daughter the sum of $50 per month until the sum of $500 has been paid. Defendant has an earning capacity of $265 per month.

There are no findings of fact, and it is impossible for this court to make a financial statement of the marital venture. The parties disagree about plaintiff's contributions at marriage and subsequent to marriage, appropriations from the bank account, division of defendant's earnings, and about every other subject concerning which they testified. The result is but two complaints of plaintiff are open to consideration: First, that the provision for the child is inadequate, and second, that plaintiff should have had an allowance out of defendant's earnings.

It will be observed that defendant is required to support the child during minority, which extends to the age of twenty-one. After the allowance to plaintiff of $500 for support of the child has been paid, the matter of support of the child will be one resting between her and the defendant.

The court was authorized to take into consideration defendant's earning capacity, and doubtless did so. Plaintiff is thirty-six years old, is physically strong and in good health, and earning capacity on her part was not negatived.

It was a function of the district court to make an award of alimony to plaintiff. The situation and circumstances of litigants are so diverse that district courts must be left free to exercise a wide discretion in making such awards. This court interferes only when it is clear discretion has been abused, and in this instance the court is unable to say that declination to order defendant to divide his future earnings with plaintiff was so arbitrary, unreasonable and unjust that it constituted abuse of discretion.

The judgment of the district court is affirmed.