No. 29,057.

G. C. Hay, *Appellee*, v. Mabel M. Hay, *Appellant*.

(285 Pac. 520.)

Opinion filed March 8, 1930.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris* and *George B. Powers,* all of Wichita, for the appellant.

*Thomas C. Wilson, Henry Lampl* and *Rupert Teall,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment in a divorce case and its incidents.

The plaintiff, G. C. Hay, sued his wife, Mabel M. Hay, for a divorce, charging her with extreme cruelty in that she persistently accused him of infidelities with his female employees, ruined his business by annoying him and them with false and slanderous charges, and was continually threatening to sue him for a divorce, all without just provocation.

Almost simultaneously with the commencement of plaintiff's ac-

tion, the defendant, Mabel M. Hay, also commenced an action against her husband for a divorce, charging him with marital infidelity. She prayed for a divorce, and for the custody of two adopted minor children, and that certain real and personal property be set over to her.

By agreement of parties and with the approval of the court, the wife's petition for a divorce was construed as an answer and cross petition to the husband's petition, and the cause was heard at length on the evidence adduced by the litigants.

Plaintiff's evidence tended to substantiate the allegations of his petition, at the conclusion of which the record recites:

[COUNSEL FOR DEFENDANT]: "We demur to the evidence on the ground that it does not support grounds for a divorce; does not sustain any satisfactory grounds for divorce; and plainly shows that the plaintiff is not entitled to a divorce.

"THE COURT: Overruled.

[COUNSEL FOR DEFENDANT]: "Does your honor think that divorce grounds have been supported here as against a demurrer?

"THE COURT: Oh, I think so.

[COUNSEL FOR DEFENDANT]: "So far as their case is concerned, we rest.

"THE COURT: You have no evidence to put on?

[COUNSEL FOR DEFENDANT]: "So far as they are concerned.

"THE COURT: You may proceed with your cross petition.

[COUNSEL FOR DEFENDANT]: "We have a separate case, your honor.

"THE COURT: I understand."

The defendant then adduced her evidence, which tended to show that plaintiff was unduly demonstrative toward one of his women employees in public, and occasionally when he would return from out-of-town journeys his wife would find rouge on the shoulders of his pajamas.

At the conclusion of the evidence the court took the cause under advisement and eventually gave judgment granting the defendant a divorce and the custody of two children who had been adopted by the discordant couple—a boy of fifteen years and a girl of three years. The court also awarded to her as her separate property the family residence, which is a five-room house with the two lots on which it is situated, valued at from $1,800 to $2,500. The defendant was also given the household furniture worth about $500, and $1,500 in money, and $50 per month for the support of the children until the elder should attain the age of eighteen years, after which the support money should be $30 per month.

To the plaintiff the court awarded as his separate property seven

and one-half acres of Wichita suburban realty variously estimated to be worth from $4,500 to $7,500, a town lot in Texas worth about $450, and the family automobile worth $400, and the office fixtures where he practiced his profession as a private detective.

Defendant filed a motion for a new trial "solely for the purpose of determining the alimony and property settlement to be made between the parties." This motion was denied, and defendant appeals, and assigns errors as follows:

"First: The trial court erred in overruling the demurrer of the appellant to the evidence of the appellee.

"Second: The trial court erred in granting a divorce in said cause.

"Third: The trial court erred in making the property division between the parties."

Touching these in order, appellee's evidence was adduced to support the cause of action in which *he* sought a divorce against appellant. But since he did not prevail in the action, it is now of no consequence whether the court's ruling on appellant's demurrer to plaintiff's evidence was correct or not. Were this not a sufficient answer to the point, our independent perusal of the record would not permit us to hold that the ruling was erroneous. Unless his own marital delinquencies were regarded as sufficient to bar him, the evidence to support his cause of action against his morbidly minded, temperamental spouse was quite sufficient as against a demurrer— especially when it is remembered that in determining the propriety of a demurrer to evidence the truth of all the material evidence must be conceded. (*Rowan v. Rosenthal,* 113 Kan. 604, 215 Pac. 1008.)

Touching the error assigned on the granting of the divorce, nobody complained about that in the district court. Counsel for appellant say that while she sued for a divorce, she cared nothing about it. In their pleadings both parties asked for a divorce. Between them they have gotten what they sought; neither asked to have the divorce set aside in a motion for a new trial; so it is altogether futile to complain of that here. (*Union Nat'l Bank v. Fruits,* 124 Kan. 440, 260 Pac. 638.)

Turning, then, to the third specification of error, which, it may be noted, was the only matter urged in appellant's motion for a new trial, it is difficult for an appellate court which has not seen the litigants and must glean its information from the record to discover any injustice in the division of the property or in the award of

alimony. The appellant has salvaged from the wreck of her marriage a home and its furnishings, $1,500 in money and her costs and attorneys' fees. She is only thirty-nine years old, and with a reasonable effort she can readjust herself to her new situation. Meantime, also, she will receive $50 per month for the support of the adopted children. The divorced husband, on the other hand, who is not a man of much means, has apparently had his business demoralized through the fault, or partly through the fault, of the appellant. He will have to hustle to rehabilitate that business so as to earn the $1,500 he has to pay the plaintiff, together with the costs and attorneys' fees in her behalf, and likewise to earn money to pay the monthly award for the support of the children. To carry this burden, the husband comes out of this marital scrimmage with seven and one-half acres of suburban land, an automobile and some office furniture, and debts according to his testimony amounting to $1,927, which by the terms of this judgment will virtually be doubled. Such a situation presents nothing approaching that abuse of discretion which alone will permit this court to interfere with the trial court's division of property and award of alimony in a divorce case. (*Miller v. Miller,* 97 Kan. 704, 156 Pac. 695; *Blair v. Blair,* 106 Kan. 151, 186 Pac. 746; *Gerlecz v. Gerlecz,* 117 Kan. 198, 230 Pac. 1032; *Newton v. Newton,* 127 Kan. 624, 274 Pac. 247.)

The judgment is affirmed.