No. 31,109.

C. M. Walker, *Appellee*, v. Rachael Walker, *Appellant*.

(21 P. 2d 375.)

Opinion filed May 6, 1933.

*James A. Allen* and *B. M. Dunham*, both of Chanute, for the appellant.
*John J. Jones* and *T. R. Evans*, both of Chanute, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: The plaintiff, C. M. Walker, brought this action asking for a divorce from the defendant, Rachael Walker, and in a cross petition she asks for a divorce from him because of his fault. The result of the trial was that she was granted a divorce, and in the decree she was granted permanent alimony in the sum of $1,500, payable in installments at fixed times, and a division of some personal property was made. She appeals and contends that the award of alimony was inadequate and wholly out of proportion to the financial situation of the parties and the necessities of the defendant.

The parties, it appears, were married on February 2, 1930, and the divorce was granted in June, 1932. As both parties asked for a divorce, which was granted, neither is in a position to complain of that feature of the decree or of any ruling inhering in it. Having got what they both sought, and neither asking to have the divorce set aside, that chapter of the marital controversy is at an end. (*Hay v. Hay*, 130 Kan. 81, 285 Pac. 520.)

There is a complaint that the court erred in denying defendant's application made prior to trial for suit money and temporary ali-

mony. It appears that $50 was allowed for counsel fees towards the preparation of the trial of the action and in the decree $190 was awarded for counsel fees.

As to the allowance of temporary alimony, it may be said the statute provides that the court may require the husband to pay such reasonable expenses of the wife in the prosecution or defense of the action as may be just and proper considering the respective parties and the means and property of each. (R. S. 60-1507.) It is conceded, however, that the matter of the allowance of alimony is largely within the discretion of the trial court, and it is enough to say that under the circumstances there was no abuse of that discretion. (*Swalp v. Swalp*, 104 Kan. 171, 178 Pac. 415.)

As to the permanent allowance of alimony it appears that the plaintiff was employed as a locomotive engineer for a railroad company, but there was no evidence of how long the employment was likely to continue. At the time of the trial his earnings which had been deposited in a bank amounted to $742.29. He owned a residential property of the value of about $3,000, and another residence of about the value of $2,000, and had an undivided one-fourth interest in a quarter section of land in Oklahoma, the value of which was not shown, and also an old automobile of little financial worth. It appears that defendant brought nothing to the estate except some furniture and furnishings of a value not shown. As we have seen, the court in the final decree awarded permanent alimony to defendant in the sum of $1,500, and as suit money and counsel fees $190. She was given certain furniture, including what she owned before her marriage. The amount of alimony which should be awarded in cases of this kind is not easy for an appellate court to determine. The trial court, with the parties before it, and having witnessed the details of the trial, has a much better opportunity to decide what is just between the parties. In *Miller v. Miller,* 97 Kan. 704, 156 Pac. 695, there is a quotation that—

" 'The determination of the amount of permanent alimony is controlled by no fixed standard, but rests, rather, in the sound discretion of the court, which, being judicial in character, is not liable to be reviewed by an appellate court except where it is evident that there has been a clear abuse thereof.' " (p. 705.)

See, also, *Leach v. Leach,* 46 Kan. 724, 27 Pac. 131; *Galutia v. Galutia,* 72 Kan. 70, 82 Pac. 461; *Miller v. Miller,* supra; *Corbett v. Corbett,* 101 Kan. 1, 165 Pac. 815; *Hay v. Hay,* supra.

The Walker estate was not large. Defendant brought nothing into it by the marriage and in the short period of the existence of the marriage relation she had not the opportunity to, and did not, aid in acquiring the accumulations that plaintiff possessed. Indeed, it. appears that most of the plaintiff's property was inherited from his deceased wife, Ruth Walker.

The court found that during the marriage plaintiff had used his means to provide support for defendant commensurate with his ability and her social and physical standing. An award of alimony cannot be set aside by this court unless it clearly appears to have been an abuse of the discretion vested in the trial court. In view of all the circumstances we are unable to say that the court abused its discretion in the award that was made.

A complaint is made that defendant was not allowed to inquire of plaintiff as to the wages he earned as an engineer. The inquiry was made by defendant on the cross-examination of plaintiff, and upon an objection that it was not proper cross-examination the objection was sustained. The court remarked that he would wish to know that fact, but for the time being he would have to pass it over because it was not proper cross-examination. The matter of plaintiff's earnings and his financial condition was in one way and another brought out later in the trial, and it cannot be said that defendant suffered prejudice by the ruling, but in any event it was not proper cross-examination and not a ground of reversal.

A number of·other objections are made, but we find nothing substantial in them, nothing worthy of discussion.

The judgment is affirmed.