No. 34,603

HENRY WITTIG, *Appellee*, v. MARY WITTIG, *Appellant*.

(99 P. 2d 750)

Opinion filed March 9, 1940.

*John A. Etling* and *W. N. Beezley*, both of Kinsley, for the appellant.

*R. C. Russell, John Henry Lewis, Isabel Obee* and *Herbert Diets*, all of Great Bend, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This case has to do with a property settlement made in a divorce proceeding. A divorce was granted to the husband on the grounds of gross neglect of duty and extreme cruelty. The wife appeals only from the allowance made to her by the trial court.

Henry Wittig, the plaintiff, and Mary Wittig, the defendant, were married in July, 1934. He had twelve children and she had seven children by prior marriages. All of her children but one were then married, and all were married when this action was brought. All of his children were over sixteen years of age except one boy, who was twelve. Several of plaintiff's children were living at home with their father when defendant came to make her home there. Everything seems to have gone along fairly well for a couple of years, but friction between the defendant and some of the plaintiff's children increased and finally the defendant gathered up all her personal belongings and left. The divorce action was filed in August, 1938. Plaintiff alleged that by the joint efforts of himself and his former

wife he had accumulated, at the time of the marriage, some personal property and a half section of land in Barton county and a quarter section in Rush county subject to a mortgage of $4,000; that the defendant had no title or interest in any of this property and that she had in her possession all the property which she owned at the time of the marriage or had accumulated subsequent to the marriage. Immediately prior to the marriage the parties had entered into a prenuptial property agreement and this had been modified by a supplemental agreement made in October, 1936. As these agreements were conditioned upon death and not upon divorce, they are not here at issue and their terms need not be recited. The defendant filed an answer, denying generally the charges of the plaintiff and alleging that at the time of the marriage she had about twelve hundred dollars in money and certain other personal property, the value of which was not stated, and that plaintiff took charge of this property and used it for his own purposes, and with the exception of about three hundred dollars, had not accounted for it; that the land in Rush county had been acquired during the marriage and as a result of their joint efforts; that subsequent to the marriage the Barton county land had increased in value as a result of oil development; and that other personal property, not enumerated, had been accumulated, of a value of about $3,500; and that the total value of plaintiff's property was about $22,500. She asked that divorce be denied and that plaintiff be required to account to her for her separate property, real and personal, and for attorney's fees. The plaintiff filed a reply and an answer to the cross petition, admitting that the defendant had twelve hundred dollars at the time of the marriage, denying that he had used any of her money or property for his own expenses or to meet any of his personal obligations; alleging that the balance of the twelve hundred dollars as set out in the cross petition had been loaned by her to her son-in-law—who was the son of the plaintiff—to build a house and that she held a note and mortgage fully covering the debt; that all the property matters had been discussed and agreement made prior to the marriage; that his property had not appreciably increased in value subsequent to the marriage and that there had been no accumulation of property as a result of their joint efforts. Defendant filed a reply to the answer to the cross petition, but its allegations add nothing to the issue here presented.

The findings of fact by the trial court which bear upon the property division are:

"And the court, having heard further arguments from counsel and being fully advised, finds that the plaintiff had made full and complete account to the defendant of all of her property and that he has used none of her property for his personal obligations; that there has been no accumulation of property as the result of the joint efforts of plaintiff and defendant, but that the defendant has contracted additional obligations and now has debts of approximately six thousand dollars ($6,000).

"That the plaintiff has twelve children, two of whom are minors and one a crippled daughter, who are entirely dependent upon the plaintiff for their support; that the defendant is the mother of seven children and has had restored to her the personal property which she brought to plaintiff at the time of their marriage; that none of her children are dependent upon her.

"That a fair and equitable distribution of the property as between the parties hereto, under all of the circumstances, would be that plaintiff pay to the defendant the sum of twelve hundred dollars ($1,200), which would be in full and complete settlement of all property rights between the parties hereto and the cancellation of the obligations of the plaintiff insofar as the antenuptial contract between the said parties is concerned."

In addition to the allowance to the defendant of $1,200 the court also allowed her $200 attorneys' fee.

We are confronted at the outset with the rule of law many times declared by this court that a property division or award of alimony made by the trial court in a divorce proceeding will not be set aside unless it is clearly shown that there was abuse of discretion. (*Miller v. Miller,* 97 Kan. 704, 156 Pac. 695; *Hay v. Hay,* 130 Kan. 81, 285 Pac. 520; *Hendricks v. Hendricks,* 136 Kan. 69, 12 P. 2d 804; *Walker v. Walker,* 137 Kan. 614, 21 P. 2d 375; *Falk v. Falk,* 139 Kan. 51, 30 P. 2d 124; *Savage v. Savage,* 141 Kan. 851, 44 P. 2d 272.)

Appellant concedes that this is the rule. The only issue, therefore, is whether the court abused its discretion.

Determination of the issue must be made in the light of the provisions of our statute, G. S. 1935, 60-1511, which apply to property allowance to the wife where divorce is granted to the husband for the fault of the wife. The statute provides in substance that the court should order restoration to the wife of the property owned by her before or by her separately acquired after the marriage and not previously disposed of; also such share of the husband's property as may appear just and reasonable, and should also make just and reasonable division of such property as may have been jointly acquired by the parties during their marriage.

The record is not entirely clear as to the property which the wife brought to the marriage. It was agreed that she had $1,500, but our examination of the record leaves some uncertainty as to whether

part of this was used in paying debts which she had prior to the marriage. We shall assume, however, that she had $1,500 after the debts were paid. The court found that the plaintiff had made full and complete account of all her property and that he had used none of it for his personal obligations. There is evidence to support that finding. It appears that at least $900 of her money is accounted for by a debt owing to her by her son-in-law—son of the plaintiff—to whom she had loaned something over $1,100 for building a house. There is evidence that the property is well worth the debt. The answer of the defendant had alleged that property of the value of about $3,500 had been accumulated during the marriage, but no evidence whatever was submitted in support of the allegation. It was denied by the plaintiff, and the court found that there had been no accumulation as a result of their joint efforts. We cannot say that this finding was wrong. The court found that the plaintiff had debts of $6,000 and that is amply supported by the record. It was admitted that oil production had been secured from plaintiff's land and plaintiff testified that he was then receiving about $60 or $65 a month royalty from this production, but he stated that the wells were then making about seventy percent water, and this statement was not disputed. The court commented upon this fact as indicating that continuance of this income was very uncertain. Assuming— as the court found—that all of her property had been accounted for to her and that there had been no substantial joint accumulation, the allowance of $1,200 was entirely out of the property held by the husband at the time of the marriage. If, however, there was any part of her $1,500—and there was no evidence that the husband had used any of it for his own purposes—which is not accounted for by the payment of her debts or by the $1,000 loan to her son-in-law, or otherwise, the $1,200 allowance would not, to that extent, be entirely from the husband's property. The trial court also took into consideration the fact that two of the plaintiff's twelve children were minors and one a crippled daughter entirely dependent upon him for support, and that none of defendant's children was dependent upon her.

Appellant urges that although the granting of the divorce is not at issue, the record discloses very little fault on the part of the wife and that this fact should be taken into consideration here in connection with the property division. We agree that upon the record before us the faults of the wife do not appear very grievous, but the

trial court, with the parties and the witnesses before it and opportunity to know the whole situation, granted a divorce to the plaintiff and no appeal was taken. We are unable to say on the record before us that the division made did not fulfill the requirements of the statute or that there was abuse of discretion by the trial court.

Motion to dismiss the appeal was filed by appellee, but it was not urged in the oral argument, and our understanding was that it was virtually abandoned. In any event, the conclusion heretofore stated makes it unnecessary to consider the motion.

The judgment is affirmed.