## PHILLIPS v. PHILLIPS.
### No. 35895.

Supreme Court of Oklahoma.
March 2, 1954.

Judd L. Black, Oklahoma City, for plaintiff in error.

George M. Ablah, Oklahoma City, for defendant in error.

O'NEAL, Justice.

Claudia Phillips, plaintiff, filed a petition for divorce against L. Wayne Phillips, defendant, on the ground of extreme cruelty. Defendant filed an answer and cross-petition seeking a divorce. Plaintiff was granted a divorce. The decree granting plaintiff a divorce placed custody of the minor child of plaintiff and defendant in the father and mother of plaintiff.

Defendant has appealed. The parties will be referred to by their trial court designation.

At the time of the trial in October, 1952, the minor child, a daughter, was four and one-half years old. Plaintiff and defendant were married in Cleveland County, October 23, 1946. In the latter part of 1950 defendant was called into the military service. At that time the parties were living with the parents of plaintiff. Defendant came home on furlough in June, 1951. At that time plaintiff was living in an apartment.

Defendant was discharged from military service June 12, 1952. The parties separated in July, 1952, and plaintiff filed her petition on August 6, 1952.

Defendant first argues that the divorce is void because plaintiff sought a divorce on the ground of extreme cruelty and the trial court granted the divorce on the ground of gross neglect of duty. Without discussing the evidence, which tends, at least in part, to support the allegations of the cross-petition, we find that the trial court was authorized to grant plaintiff a divorce. Several cases are cited by defendant. The only case involving divorce is that of LeClair v. Calls Him, 106 Okl. 247, 233 P. 1087. In that case plaintiff alleged adultery. The evidence supported, and the court granted, the divorce on the ground of habitual drunkenness. In the case under consideration plaintiff alleged and the evidence supports extreme cruelty. The judgment reciting gross neglect of duty can be disregarded as surplusage. Defendant states that the record discloses that he is entitled to a divorce on his cross-petition and under the rule announced in Roberts v. Roberts, 175 Okl. 602, 53 P.2d 671, the court is authorized to cause such judgment to be rendered as the record supports. Under the same rule since the record supports a judgment for plaintiff on the ground of extreme cruelty this court could enter a judgment for divorce for plaintiff. In Panther v. Panther, 147 Okl. 131, 295 P. 219, 222, in sustaining a divorce for plaintiff after citing the related portions of our statute providing that the court in its discretion may deny a divorce where both parties are found to be in equal wrong, this court stated:

"Under the foregoing section of our statutes, the trial court is given discretion in the granting or refusal to grant a divorce when it appears that the parties are equally at fault, and the judgment of the trial court in such a case will not be set aside by this court on appeal in the absence of a showing that said court abused its sound judicial discretion."

Both parties sought a divorce in the case under consideration. In Hay v. Hay, 130 Kan. 81, 285 P. 520, 521, it is stated:

"* * * In their pleadings both parties asked for a divorce. Between them they have gotten what they sought; neither asked to have the divorce set aside in a motion for a new trial, so it is altogether futile to complain of that here. * * *"

We find no error in granting plaintiff a divorce.

Finally it is argued that the court erred in awarding custody of the minor child to the parents of plaintiff. Defendant argues that the court should have given him the custody of the child and states that the record discloses that plaintiff is not a proper custodian of the child. The custody of the child has not been placed in the mother. The argument therefore presented by the defendant that the child will be influenced by its mother is not persuasive. If and when either party applies for a change of custody of the minor child the court may at that time consider whether either is a fit custodian for a girl of such age as she has acquired when the application is made. In this connection see Strauch v. Strauch, 196 Okl. 184, 164 P.2d 220.

The court did not abuse its discretion in placing the custody of the child in the parents of plaintiff.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.