Kremer v. Kremer.

ELLEN P. KREMER v. DANIEL A. KREMER *et al.*, *substituted for John L. Kremer.*

No. 15,091.  (90 Pac. 998.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Reversal or Modification of Orders.* Under subdivision 3 of section 542 of the code (Gen. Stat. 1901, § 5019) the supreme court is authorized to reverse, vacate or modify any order that involves the merits of an action or some part thereof which has been made by a district court or other court of record, or a judge thereof, except a probate court.

2. —— *Error Not Involving the Main Issue.* If an error affect the entire case a new trial should be granted of all the issues; but when an error occurs in the trial of an issue not involving the main issue in the case, and the error can be corrected without disturbing the decision of the main issue, it should be done.

3. —— *Appeal from a Specific Portion of a Judgment or Order.* Under the code system the reasons of the common-law rules of procedure no longer exist; and, consequently, in a proper case, courts are not bound by the old rules denying their power to entertain an appeal upon some specific portion of a judgment or order. (*Lake v. Bender,* 18 Nev. 361, 4 Pac. 711, 7 Pac. 74.)

4. DIVORCE—*Decree—Order Dividing Property—Appeal from Latter—Notice—Limitation of Action.* In a suit for a divorce, where a dissolution of the marriage is granted by reason of the fault of the defendant and an order dividing the property is made, the decree of divorce and the judgment or order of division are so far distant and independent that the plaintiff may ask for a new trial only as to such division, and upon the denial of the motion may come to this court for a review thereof. And in such a case the plaintiff, not appealing from the judgment of divorce, need not give the notice nor commence the proceedings in error in compliance with section 647 of the code (Gen. Stat. 1901, § 5140) but may proceed under section 556 (Gen. Stat. 1901, § 5042).

5. —— *Ownership of Property—Finding Not Supported by Evidence.* The evidence in this case examined and held not to justify the finding that the equitable title to the land, which was awarded to the defendant, was in the plaintiff and the defendant equally—the legal title being in the former.

Kremer v. Kremer.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed June 8, 1907. Reversed. Order directing judgment filed July 5, 1907.

STATEMENT.

THE plaintiff and defendant were married in Pennsylvania in 1867. In the spring of 1881 plaintiff came to Kansas with her children and bought an eighty-acre farm for $1150, of which she paid $600 cash and gave two notes for the remainder. She got some hay, corn and farm implements with the farm, and also bought a team, wagon and harness, some hogs, and a cow, for which she paid about $300.

The defendant came to Kansas about six months after plaintiff's arrival, and before the bargains for the property bought by her were closed, but whether he also signed the notes for deferred payments on the land the evidence does not disclose.

In addition to the $600, plaintiff afterward received $100 from "her folks," which, with $105 received from the sale of her hogs, she applied on the payment of the land. They moved upon the farm soon after his arrival, at which time he had nothing, and made it their home until a short time before the commencement of this suit, in 1906, and from the produce of the farm and their labor they paid the remainder (about $300) due on the indebtedness for the farm.

Upon the trial the court made the following findings of fact and conclusions of law:

"FINDINGS OF FACT.

"(1) That the plaintiff, Ellen P. Kremer, is a resident of Shawnee county, Kansas, and has been such resident for more than one year previous to the filing of her petition herein.

"(2) That the plaintiff and defendant were married to each other on the 31st of October, 1867, and are now husband and wife.

"(3) That the legal title to the farm described in plaintiff's petition is in the plaintiff, but the equitable title to said farm, to wit, the west half of the southeast

quarter of section thirty-six (36), township thirteen (13) south, range seventeen (17) east, is in the plaintiff and the defendant equally.

"(4) That the personal property possessed by the plaintiff and the defendant just previous to their separation was the joint earnings and savings of both parties, and both parties were equally entitled thereto.

"(5) That when the plaintiff left the defendant, in February, 1906, she had previously sold and disposed of a large portion of their personal property, the joint earnings of said parties, and appropriated the same to her own use.

"(6) That the defendant has been guilty of extreme cruelty toward the plaintiff, but was not guilty of habitual drunkenness or gross neglect of duty by failing to support said plaintiff, as charged.

"(7) That defendant is in his seventieth year, and is wholly incapacitated for labor by an injury received about nine years ago, and except the property herein described the defendant has nothing.

## "CONCLUSIONS OF LAW.

"(1) That the plaintiff be divorced from the defendant, and that the bonds of matrimony heretofore existing between them be dissolved and held for naught, but that this decree shall not become absolute and final until the expiration of six months from this date.

"(2) That the personal property of plaintiff and defendant now in the hands of the plaintiff is, and hereafter shall be, hers, and the personal property of the plaintiff and defendant now in the possession or under the control of the defendant, is, and hereafter shall be, his, and that the farm, heretofore owned and occupied by plaintiff and defendant, to· wit, the west half of the southeast quarter of section thirty-six (36), township thirteen (13) south, range seventeen (17) east, Shawnee county, Kansas, is, and hereafter shall be, the exclusive property of the defendant, John L. Kremer, free and clear of all claims of the plaintiff, except as hereinafter provided.

"(3) That the defendant, within six months from this date, pay to the plaintiff the sum of $1250, with six per cent. interest from this date, and if said defendant fail to pay said amount as herein decreed, then plaintiff shall have execution issued and said farm shall

be sold to pay the same, and said $1250 shall be a lien upon said farm until the same is paid.

"(4)   That the defendant pay the costs of this suit, taxed at $——, whereof let execution issue."

Plaintiff duly excepted to the foregoing decision so far as it relates to the ownership and right to the land and awards to her only a portion of the value thereof, and defendant duly excepted to the decision of the court granting a divorce to the plaintiff.

Thereupon the plaintiff filed her motion to have the order dividing the property set aside and for judgment awarding the land to her.   Upon the denial thereof she filed a motion for a new trial as to the division of property only, and this being denied she brings the case here.

After the filing of the petition in error the defendant died testate, and the suit was revived in the name of his devisees, who are other than the plaintiff and their children.

*T. F. Garver,* and *J. B. Larimer,* for plaintiff in error.

*Hazen & Gaw,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.:   The defendants in error insist that the plaintiff is not entitled to be heard here and that the case should be dismissed on the following grounds: (1) The judgment is an entirety, and one part thereof cannot be appealed from and the benefits of another part be accepted and not appealed from; (2) no notice of appeal was given, and the appeal was not taken within four months after the rendition of the judgment.

Under the common-law procedure it must be conceded that the final adjudication of an action resulted in one judgment, which was an entirety, and on appeal it stood or fell as a whole.   Under the code system provision is made for joining parties and for uniting

causes of action which the common-law procedure would not have permitted; also, for the rendition of judgments for and against the plaintiff in one action, and for some of the plaintiffs joined and against others; also, for and against defendants joined. In short, one adjudication may embrace several judgments. (Code, §§ 36, 37, 39, 41-43, 83, 396, and others; Gen. Stat. 1901, §§ 4464, *et seq.*)

The provisions for the correction of errors of the district courts are not so specific in terms as the provisions for the making of orders and the rendering of judgments therein, but, construed together, it must be apparent that provisions for the correction of an error should be as specific or as broad as the authority to decide erroneously. Jurisdiction being accorded, the authority of a court to decide erroneously is as complete as to decide correctly, and, until lawfully reversed, an erroneous order or judgment is as binding upon the parties thereto as a correct order or judgment. Since, then, there is authority in our code for numerous orders and judgments in one action, the appellate provisions found in sections 542 and 542*a* of the code (Gen. Stat. 1901, §§ 5019, 5020) should, if consistent with the language used, be so construed as to allow the correction of one of such judgments or orders that is erroneous and is so far distant and independent of the others that, without violence to sound reason and justice, it may be adjudicated on appeal without bringing up for review the entire decision.

Subdivision 3 of section 542 of our code (Gen. Stat. 1901, § 5019) seems to justify this construction, as applied to this case at least, when read in connection with the other provisions of the section. The section, after providing that "the supreme court may reverse, vacate and modify a judgment of a district court . . . for errors appearing on the record; and in the reversal of such judgment or order may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof," reads further:

"The supreme court may also reverse, vacate or modify any of the following orders of a district court . . . 1. A final order. . . . 3. An order that involves the merits of an action or some part thereof."

It will be seen that the words "judgment" and "order" are used somewhat indiscriminately in this section, as they are also in some other portions of the code; so much so as to suggest that any specific, independent part of a judgment is appealable, as is especially provided in the codes of Wisconsin, Iowa, Missouri and some other code states. We do not, however, go to this extent herein. The determination of the division of the property in a suit for a divorce is denominated an order in the code (§ 646; Gen. Stat. 1901, § 5139), and a decree for alimony was said to be a final order in *In re Johnston, Appellant*, 54 Kan. 726, 730, 39 Pac. 725. It may be said in this case that the appeal is from a part of the final judgment. If so, the distinction may be this: The order determines what portion of the property each litigant is to have; the judgment conveys the respective portions, so determined, to the respective litigants. If the order falls, as we hold it must, the portion of the judgment based thereon must of necessity fall with it.

As said, we suggest, but do not decide, that a specific, independent part of a judgment may be appealed from under our code.

Without citing any express provision of the code authorizing the decision, it was said in *St. Paul Trust Co. v. Kittson*, 84 Minn. 493, 87 N. W. 1012:

"An appeal may be taken from a part of a final order or judgment if the part whereby the appellant is aggrieved is so far distant and independent that it may be adjudicated on appeal without bringing up for review the entire judgment or order." (Syllabus. See, also, *Hall v. M'Cormick*, 31 Minn. 280, 17 N. W. 620; *Golding v. Golding*, 74 Mo. 123; *Lake v. Lake*, 17 Nev. 230, 30 Pac. 878; *Martin v. Martin*, 112 Wis. 314, 87 N. W. 232, 88 N. W. 215.)

Since, then, we hold that the appeal is not from "a

judgment granting a divorce," it follows that the plaintiff need not give the notice nor consummate her appeal within the time required by section 647 of the code (Gen. Stat. 1901, § 5140), but may proceed under the general provisions of section 556 (Gen. Stat. 1901, § 5042).

It is urged, however, that, if the proceeding in error be not dismissed, the award of the land to the defendant should be sustained, and it is said that the division of property between litigants in a divorce suit rests in the discretion of the court and it cannot be said that the decision of the court is inequitable or that it constitutes an abuse of such discretion. We could readily assent to this proposition if we could say the matter rested solely in the discretion of the court. It does not. If the land in question was the separate property of the plaintiff, the court was required by section 646 of the code (Gen. Stat. 1901, § 5139) to award it to her, and was inhibited from awarding it to the defendant. If, on the other hand, the land was "acquired by the parties jointly during their marriage," although plaintiff held the legal title thereto, the court was authorized to make such division thereof and of other property thus acquired as appeared to the court just and reasonable. The court does not find that the land in question was acquired by the parties jointly during their marriage; nor do we believe that the evidence would justify such a finding. The court does find that the equitable title to the land was in the plaintiff and the defendant equally. We do not think there is any evidence to support this finding.

The order awarding, and the judgment conveying, the land to the defendant is reversed and a new trial is granted.

JOHNSTON, C. J., GREENE, BURCH, MASON, PORTER, JJ., concurring.

GRAVES, J., dissenting.

Thomas v. Railway Co.

## ORDER DIRECTING JUDGMENT.
(91 Pac. 45.)

*Per Curiam:* Since the order awarding the land to the defendant was reversed in this case the parties have agreed that, as the record discloses all the facts, this court may accept them as agreed to and direct the judgment to be rendered. The case is therefore remanded with instructions to award the land in question to the plaintiff as her separate property, and to set aside the judgment in favor of the plaintiff against the defendant for $1250, which was made a lien on the land, and that in all other respects the judgment be the same as before.