No. 29,747.

THOMAS A. METCALF, *Appellee*, v. ZULEME METCALF, *Appellant.*

(296 Pac. 353.)

Opinion filed March 7, 1931.

R. A. *Crossman,* of Pueblo, Colo., for the appellant.

E. J. *Taggart* and *John Bradley,* both of Wellington, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal involves the question of alimony and property rights in a divorce action. The trial court granted the husband, on his petition, a divorce upon the grounds of abandonment and gross neglect of duty and decreed the plaintiff all his property and barred the wife from all right or interest therein, but allowed her attorney $180 for expenses and $270 for attorney fee, and from this judgment and the several orders and rulings made during the trial the wife appeals.

A motion has been made to dismiss the appeal because the notice of appeal was not filed within the ten-day period after judgment, as required by R. S. 60-1512.

The judgment was rendered March 3, 1930. The motion for new trial was overruled March 7, 1930, and the notice of appeal filed

June 14, 1930. An excuse is offered for the failure to comply with the ten-day requirement, but there is no claim that the appellant actually complied with this provision of the statute, which is imperative and is as follows:

"A party desiring to appeal from a judgment granting a divorce must within ten days after such judgment is rendered file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment; and unless such notice be filed no appeal shall be had or taken in such cause." (R. S. 60-1512.)

This court many years ago held that the features of a divorce action were separable and independent to such an extent that the requirement of the ten-day notice did not apply to the alimony feature of the case, and we see no good reason to depart from that ruling.

"In a suit for a divorce, where a dissolution of the marriage is granted by reason of the fault of the defendant and an order dividing the property is made, the decree of divorce and the judgment or order of division are so far distinct and independent that the plaintiff may ask for a new trial only as to such division, and upon the denial of the motion may come to this court for a review thereof. And in such a case the plaintiff, not appealing from the judgment of divorce, need not give the notice nor commence the proceedings in error in compliance with section 647 of the code (Gen. Stat. 1901, § 5140), but may proceed under section 556 (Gen. Stat. 1901, § 5042)." (*Kremer v. Kremer,* 76 Kan. 134, syl. ¶ 4, 90 Pac. 998. See, also, *Miller v. Miller,* 113 Kan. 22, 213 Pac. 634.)

Counsel for appellant devotes much attention in his carefully prepared brief to questions of jurisdiction, residence, removal of cause of action, diversity of citizenship, weight of evidence and abandonment, all of which belong exclusively to the question of divorce, from which no appeal has been taken, and they constitute no part whatever in the consideration of the question of alimony.

We are not furnished with the findings of the trial court but from the abstract, counter abstract and comment of attorneys on the evidence, we gather the following as facts that were before the trial court when the decree was reached: The couple were married in Colorado in April, 1919, he being at that time about 75 years of age and she being about 45. They established their residence at once in Wellington, Kan., occupying one of his resident properties in that town. She had nearly a complete set of household furniture, which was shipped to Wellington and used by them in their home. In November of the year they were married she returned to Colo-

rado; had her furniture shipped to her the following April. He went to Colorado to see her eight or ten times and always paid bills of hers while he was there—in all during that time prior to June, 1929, he had paid bills for her and sent money amounting to $3,556. This divorce action was commenced by him July 31, 1929. Both had been married before and had grown children by the former marriages. He had resided continuously in Sumner county since 1883. He owns three resident properties in Wellington, from two of which the income scarcely meets the taxes and upkeep, and the third, in which they resided while she lived with him, now brings $25 rent per month. He is an old soldier; was receiving $30 per month pension when married, later received $60, and at the time of the trial was receiving a pension of $100 per month. He says he has no other property. Appellant in her brief refers to his having a life estate in property where he now lives valued at $7,000. She testified she had lung trouble and for that reason had to return to and live in Colorado; that she has no money and no one on whom to depend for support. At the time of the trial the husband was about 85 years of age and the wife about 55.

It has frequently been held that the statute places the matter of alimony and the share of allowance to the wife in her husband's property in the sound discretion of the trial court, and a reviewing court will not reverse nor disturb such award unless it plainly appears there has been an abuse of such discretion. (*Miller v. Miller*, 97 Kan. 704, 156 Pac. 695; *Swalp v. Swalp*, 104 Kan. 171, 178 Pac. 415; *Blair v. Blair*, 106 Kan. 151, 186 Pac. 746; *Deeds v. Deeds*, 108 Kan. 770, 196 Pac. 1109; *Currie v. Currie*, 114 Kan. 37, 216 Pac. 1083; *Tillery v. Tillery*, 115 Kan. 81, 222 Pac. 100; *Flautt v. Flautt*, 126 Kan. 21, 266 Pac. 746; *Newton v. Newton*, 127 Kan. 624, 274 Pac. 247; *Hay v. Hay*, 130 Kan. 81, 285 Pac. 520.)

We fear the district court has overlooked the specific requirement of the statute which makes it necessary in a case like this one that some share of the husband's real and personal property, or both, shall be granted to the wife as alimony. The statute in this respect provides:

"If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also such

share of her husband's real and personal property, or both, as to the court may appear just and reasonable." (R. S. 60-1511.)

In the case of *Davison v. Davison*, 125 Kan. 807, 266 Pac. 650, it was held:

"Where a divorce is granted to the husband for the fault or aggression of the wife, the statute is mandatory that a share of her husband's real and personal property shall be awarded to her, and a judgment which awards her nothing, or nothing substantial, violates the statute and is erroneous." (Syl. ¶ 2.)

The wife was under this rule entitled to some alimony, a part or share of the husband's property, much or little, at the discretion of the court, and a judgment which allows her nothing is erroneous. A distinction was made in the case of *Blair v. Blair*, 106 Kan. 151, 186 Pac. 746, where a judgment allowing the wife no alimony was approved where the evidence showed the husband and wife had entered into a postnuptial agreement which contemplated immediate separation and made substantial provision for her.

We conclude that the judgment allowing the wife no alimony whatever was erroneous, and must be reversed for that reason.

The appeal as to the divorce proceedings separate from the alimony part of the case is dismissed and the judgment as to the alimony is reversed, and the cause is remanded with directions to allow the wife such share of the husband's property as to the court may appear just and reasonable under all the circumstances of the case.