No. 31,387

DOROTHY FALK, *Appellant*, v. ORRIEN FALK, *Appellee*.

(30 P. 2d 124.)

Opinion filed March 10, 1934.

*T. A. Sullivan, John Madden* and *John Madden, Jr.*, all of Wichita, for the appellant.

*Clyde E. Souders* and *Otto R. Souders,* both of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for a divorce. The plaintiff appeals, claiming the trial court committed error in the allowance of alimony.

There was evidence to the following effect: Prior to the marriage defendant had a Star automobile. He traded it for a used Durant automobile. In the trade the old car was valued at $400, and plaintiff, from her own means, paid $720. At the time of the marriage on December 2, 1929, defendant owned two lots, on which there is a small house. The property is assessed for taxation at $1,200, but its value is not shown. It was encumbered for $200 and some back interest and taxes. The plumbing was not what plaintiff desired. She wanted new plumbing installed and plaintiff said he could not afford it. However that might be, new plumbing was installed at a cost of $122. Plaintiff and defendant agree that the furniture owned by defendant at the time

of the marriage was discarded and that she bought new furniture. Plaintiff furnished a list of expenditures she said she made out of her own funds, totaling $1,524.29, and including the payment on the car of $720, the plumbing and some repairs of $162, the mortgage and interest of $212, taxes for three years of $60, and a number of other items. She claims also to have paid a part of the funeral expense of defendant's first wife. At the time of her marriage she had a bank savings account of $500, and received income of $1,500 from an estate in which she was interested. Defendant testified that he had no money when he married plaintiff; that he was employed at $35 per week and made with his then employer $1,966, and that he turned over to his wife $30 per week; that he thereafter worked for another firm and made $1,110.05, most of which he gave to plaintiff; that during the last half of 1932, owing to hard times, he made only $274.40. Plaintiff denied defendant's statements about the wages turned over to her. Defendant also received $580 bonus as a world war veteran and used this for family expenses. At the time of the trial plaintiff had $1,000 in the bank and the furniture she purchased; defendant had the real estate and the car. It was also shown that plaintiff had been married twice before and defendant once.

In the above no attempt has been made to completely detail the evidence or to set out disputing claims of the parties. The court gave plaintiff the household furniture and allowed her alimony in the sum of $500, to be paid by April 7, 1934, and made the judgment a lien on the real estate, which was awarded to the defendant, who was also given the Durant car.

We are asked to reverse this case on the ground that the allowance to the wife is wholly inadequate, and in support of her contention, plaintiff relies on *Imhoff v. Imhoff,* 112 Kan. 727, 212 Pac. 886, where an award of $300 was held to be inadequate, it appearing that the husband owned property worth from six to eight thousand dollars and that the wife owned property worth from one thousand to fifteen hundred dollars. In the opinion, reference is made to *Miller v. Miller,* 97 Kan. 704, 156 Pac. 695, wherein it was said:

> "Before a judgment awarding alimony will be reversed it must appear by all the circumstances surrounding the parties to the action that the trial court abused its discretion in determining the amount." (Syl.)

In the case at bar we have no means of knowing just how much of appellant's and how much of appellee's testimony the court be-

lieved. Neither are we informed by the record what the value is of the property set off to each of the parties. We know that the appellant is not satisfied, but that does not show abuse of discretion. (See citation of authorities in *Metcalf v. Metcalf*, 132 Kan. 535, 537, 296 Pac. 353.) Appellee, in his brief, states that if this court believes that a different disposition of the property should be made between the parties that he is willing that either party be awarded the real estate at a valuation of $1,800. Assuming, in the absence of any proof, that such a value is at all fair, then the division and award made by the trial court, to say the least, was not an abuse of discretion.

There is no showing of abuse of discretion by the trial court in the allowance of alimony, and its judgment is affirmed.