No. 34,744

Rufus Leiter, *Appellee,* v. Hazel V. Leiter, *Appellant.*

(103 P. 2d 809)

Opinion filed July 6, 1940.

*George McGill, H. C. Castor, Thomas E. Elcock, Victor J. Rogers* and *J. Paul Jorgensen,* all of Wichita, for the appellant.

*Paul R. Wunsch* and *Charles H. Stewart,* both of Kingman, for the appellee.

The opinion of the court was delivered by

Allen, J.: Rufus Leiter brought an action for divorce against Hazel V. Leiter, alleging extreme cruelty and gross neglect of duty. The answer of defendant contained a general denial and also a cross

petition in which defendant prayed that she be granted a divorce against plaintiff. The cross petition charged plaintiff with extreme cruelty and gross neglect of duty.

Upon the trial the court granted a divorce to plaintiff and a division of property was adjudged. Defendant appeals.

Plaintiff has filed a motion to dismiss the appeal as to the divorce part of the judgment for failure to file a written notice of the appeal as provided for by G. S. 1935, 60-1512. That section provides:

". . . A party desiring to appeal from a judgment granting a divorce must within ten days after such judgment is rendered file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment; and unless such notice be filed no appeal shall be had or taken in such cause. . . ."

Under the express terms of this statute the filing of the notice is a condition precedent to a right of appeal from the divorce branch of the judgment. (*Kremer v. Kremer,* 76 Kan. 134, 90 Pac. 998; *Miller v. Miller,* 113 Kan. 22, 213 Pac. 634; *Metcalf v. Metcalf,* 132 Kan. 535, 296 Pac. 353.)

The journal entry shows, and the motion for a new trial recites, that the judgment of divorce was filed on November 7, 1939. The record does not show that any notice of the intention to appeal was filed within ten days from that date. While the validity of the judgment and decree for divorce is not open for review, we are not precluded from considering other errors assigned. (*Metcalf v. Metcalf,* supra.)

It is claimed the judgment failed to make an equitable division of the property of the plaintiff and defendant.

Our statute, G. S. 1935, 60-1511, provides:

". . . . If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also such share of her husband's real and personal property, or both, as to the court may appear just and reasonable; and she shall be barred of all right in all the remaining lands of which her husband may at any time have been seized. And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. . . . ."

The judgment of the court recites:

"Thereupon, the court, being fully advised and informed in the premises, finds that said plaintiff should be granted a full and absolute divorce of and from said defendant upon the grounds of extreme cruelty and gross neglect of duty and the court further finds that a division of property should be made and in that connection finds that said defendant should be granted certain cash and other property which the testimony shows belongs to her personally and which she has at this time in her possession, and the court further finds that the defendant should be granted from said plaintiff's and defendant's property all of the household goods with the exception of the one bedroom suite which was especially purchased for the use of said plaintiff, and said bed, springs and mattress being six inches longer than ordinary, and said property should be the full and complete property of said plaintiff. The court further finds that said defendant should also have as her own and absolute property all of her personal belongings and personal effects. The court further finds that said plaintiff and defendant own certain oil and gas royalties as shown by the evidence and being particularly described as follows, to wit:

(DESCRIPTION OF PROPERTIES.)

And with reference to said royalty holdings the court finds that said defendant should be decreed to be the owner of an undivided one-half interest in and to all of the above-described oil and gas royalties.

"The court further finds that said defendant shall be entitled to the sum of two thousand dollars ($2,000), which shall be paid by said plaintiff, the sum of one thousand dollars ($1,000) to be paid on or before January 1, 1940, and the remaining sum of one thousand dollars ($1,000) to be paid on or before July 1, 1940. It is further found by the court that said defendant shall have the possession and the right to occupy the property which has formerly been the residence of said parties until the full sum of two thousand dollars ($2,000) has been paid by said plaintiff to said defendant, and if the same is not paid until July 1, 1940, said defendant has the right to occupy said residence until such time; however, if said $2,000 is paid prior to July 1, 1940, the right to said occupancy on the part of said defendant shall cease upon the payment of said $2,000, and at such time said defendant shall have fifteen (15) days within which to remove her personal property from said residence. The court further finds that said plaintiff shall be entitled to all of his personal belongings and effects now located in the property formerly occupied by said parties and said plaintiff shall remove said personal effects, together with the other property herein awarded to said plaintiff, within thirty days (30) from this date.

"The court further finds that there should be allowed attorney fees for and on behalf of said plaintiff in the sum of two hundred dollars ($200), and the further attorney fees for and on behalf of the attorney for the defendant of two hundred dollars ($200), and that all of such attorney fees shall be paid by said plaintiff, and the court further finds that the costs of this action shall be taxed equally against said parties."

Plaintiff and defendant were married in May, 1926. Prior to that date each had been employed in bank work at Protection, Kan. After the marriage they moved to Cunningham. The plaintiff had purchased stock in a bank in that city and both were employed in the bank. The employment of the defendant in that institution continued until February, 1939. From 1926 until and including 1938, the salary of plaintiff was $150 per month, except for the three years during which he received $200 per month. In addition to the salary of plaintiff the cross petition of defendant alleged that plaintiff received large sums of money from various other sources, and prays that "plaintiff be required to fully account to defendant with respect to the receipts and expenditures of plaintiff and defendant during their marriage, and with respect to the property of plaintiff and defendant." Defendant asks that "plaintiff be required to account to this defendant in full with respect both as to receipts of plaintiff and defendant from all sources since their marriage, and as to the disbursements for all purposes since said marriage."

The theory of defendant seems to be that to establish a proper basis for a property settlement the husband must submit an itemized statement not only of income from all sources from the date of the marriage, but also an itemized statement of all expenditures made. It seems sufficient to say that neither our statute nor any decision that has been called to our attention goes to the length suggested. Under the statute such a division of the property is to be made as to the court may appear just and reasonable. It is the settled rule of this court that a property division made by the trial court will not be set aside unless it is clearly shown that there was abuse of discretion. (*Falk v. Falk*, 139 Kan. 51, 30 P. 2d 124; *Miller v. Miller*, 97 Kan. 704, 156 Pac. 695; *Wittig v. Wittig*, 151 Kan. 440, 99 P. 2d 750.) We have made a careful examination of the record and are unable to say there was any abuse of discretion in the division of the property in this case.

The defendant filed a motion in which the court was asked to make an order authorizing and directing a competent certified public accountant to make an audit of books and records of the bank insofar as the books should pertain to the accounts of the parties to the action, or to their joint account, or to any other accounts in the bank relating to money, property, credits or liabilities of the plaintiff and the defendant. The motion was overruled. Defendant complains of this action, and asserts it deprived her of a fair opportunity to show the extent of plaintiff's property. We are unable to agree

with this contention for two reasons. First, the cross petition alleges and the evidence shows the defendant was an employee in the bank until 1939. The audit would apprise her of little she was not familiar with. Second, at the time the motion was overruled the court made an order directing the plaintiff to furnish the defendant's attorneys a statement setting forth a list of his assets and liabilities. This statement was furnished. The record shows that the nature and extent of the property of the plaintiff was thoroughly sifted. We do not think defendant was prejudiced by the action of the court in overruling the motion.

Finding no error in the record, the judgment is affirmed.