No. 36,314

Helen L. Farrow, *Appellant*, v. Earl C. Farrow, *Appellee.*

(159 P. 2d 492)

Opinion filed June 9, 1945.

*John B. Pierson,* of Ottawa, was on the briefs for the appellant.

*Bert L. Woods,* of Garnett, was on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for divorce, for alimony and for division of property. A trial was had and judgment was rendered on April 4, 1944. On April 7, 1944, plaintiff filed a motion for a new trial, and on June 10, 1944, she filed a motion to modify the judgment with respect to alimony awarded her. On July 6, 1944, the trial court denied both motions. On November 4, 1944, plaintiff served her notice of appeal. There is no showing that at any

time within ten days from the judgment granting the divorce plaintiff filed a notice in the office of the clerk of the district court of her intention to appeal..

Our code of civil procedure makes provision for divorce actions and for appeals, it being provided, in substance, that a party desiring to appeal must, within ten days after a judgment granting a divorce, file a written notice of intention to appeal in the office of the clerk of the district court, and if such notice be filed the party filing the same may commence proceedings on appeal at any time within four months from the date of the decree appealed from. It has been held in a number of cases that the filing of the notice of intention to appeal is a condition precedent to the right of appeal. See, e. g., *Kremer v. Kremer,* 76 Kan. 134, 90 Pac. 998; *Metcalf v. Metcalf,* 132 Kan. 535, 296 Pac. 353; *Leiter v. Leiter,* 152 Kan. 287, 103 P. 2d 809.

A review of these above cases discloses that we have recognized that the judgment for divorce and the judgment for alimony or for division of property, hereafter referred to as for alimony, are so far separate and independent, that notwithstanding the party attempting to appeal may be precluded from having a review of the divorce features because of his failure to give timely notice of intention to appeal, yet he may have a review of the alimony features under the general provisions of the code of civil procedure. When *Kremer v. Kremer,* supra, was decided, the time for appeals generally was within one year from the judgment (G. S. 1901, 5042), when *Metcalf v. Metcalf,* supra, was decided, the time was six months (G. S. 1935, 60-3309), and when *Leiter v. Leiter,* supra, was decided, the time was two months (G. S. 1939 Supp. 60-3309). In the case last mentioned, it is not disclosed by the opinion, but the judgment was rendered November 7, 1939, a motion for new trial was filed November 10, 1939, and was denied December 11, 1939, and notice of appeal was filed on December 11, 1939. In each of the cases mentioned this court refused to consider the divorce features of the judgment because of failure of the party desiring to appeal to give timely notice of intention to appeal, but, under general provisions of the code, did review the alimony features of the judgment.

Applying the principles of the above cases to the present case, it appears there was no timely filing of an intention to appeal, and we are therefore without jurisdiction to consider the divorce features of the judgment, which might be involved in any consider-

ation of the trial court's ruling on the motion for a new trial. Had there been a timely notice of intention, there was no commencement of an appeal within four months from the date of the decree. Insofar as alimony features are concerned, and it is of these that complaint is urged in the briefs, it has been noted the last ruling of the trial court was on July 6, 1944. No notice of appeal was filed until November 4, 1944, or over two months. That was too late (G. S. 1943 Supp. 60-3309), and this court is without jurisdiction in the premises.

The attempted appeal is dismissed.