No. 37,046

KATIE KLEMENC, *Appellant,* v. MATT KLEMENC, *Appellee.*

(192 P. 2d 171)

Opinion filed April 10, 1948.

*Paul L. Thomas* and *Walter G. Klamm,* both of Kansas City, argued the cause, and were on the briefs for the appellant.

*Paul H. Ditzen,* of Kansas City, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for divorce and division of property. Judgment was entered decreeing defendant a divorce on his cross petition and awarding property. The plaintiff has appealed.

The petition alleged that plaintiff and defendant entered into a common-law marriage about September, 1931, and continued to live together until May, 1943, and since that time defendant had not resided with plaintiff or contributed to her support. There was an allegation of extreme cruelty and gross neglect of duty against defendant but no particulars alleged. The petition then alleged that at the time of their marriage plaintiff owned a residence property worth $1,800; that this was traded for another property and plaintiff contributed $300 besides the property and defendant contributed $300; that the deed to complete the transaction to the

latter property was recorded in the name of both parties; that defendant had never contributed any additional sum toward the acquiring of the property, although they had lived there many years, and had paid no taxes or upkeep; that defendant was retired on social security and had other funds. Plaintiff prayed judgment for divorce; that the real property described be awarded to her and for the restoration of her maiden name.

Defendant in his answer admitted the common-law marriage and denied the other allegations. In his cross petition he charged the plaintiff with gross neglect of duty and extreme cruelty and further alleged that when they were married she was the owner of a house worth less than $1,800; that when it was traded for the second house, as alleged in the petition, he contributed $550 toward the consummation of the trade. The cross petition then alleged he had contributed items of repair and maintenance to the house in the amount of from $1,000 to $1,600 and that he had paid the daughter of plaintiff by another marriage $350 when she was married; that he worked at Cudahys, where he earned $31 a week and each week he had given his check to the plaintiff; that at the time the action was filed plaintiff was earning between $40 and $60 a week and should have saved $20,000. He, too, prayed for a divorce and for an equitable disposition of the property.

No further pleadings were filed.

At the trial parties stipulated they would abide by a valuation put on the property by a witness agreed upon.

Plaintiff testified she began to live with defendant about 1931 and they lived together as husband and wife until 1943. She then testified in some detail about the money she had at the time the relationship between the parties began; that defendant gave her $15 each week out of his check and to various other details as to the financial affairs between them during the years they lived together. There was some other testimony offered on the part of plaintiff as to these financial affairs and some on the part of the defendant who testified somewhat differently as to the financial transactions between the parties throughout the years.

At the conclusion of the evidence the parties offered their stipulation that the house was worth $3,850. The judge of the trial court then made a somewhat lengthy statement in which he dealt at length with the various items about which testimony had been introduced by both parties. The result was a conclusion by the

court that the net worth of the house was $3,480. The court then proceeded to grant defendant a divorce on his cross petition and to give defendant one-half of the value of the house, or $1,740, and to give the plaintiff the house with a lien on it for the above amount.

Plaintiff filed a motion for a new trial on the ground that the judgment giving the defendant a divorce was contrary to the evidence; that the judgment giving the defendant the interest in the property of $1,740 and granting a lien thereon was contrary to the evidence and the judgment dividing the property was based on conjecture, not on evidence heard at the trial.

At the outset, we are confronted with a motion of appellee to dismiss the appeal. Appellant's motion to amend the notice of intention to appeal was allowed by us on September 22, 1947, with a proviso that the effect of the amendment would be determined at the hearing on the merits. At the final submission of the appeal the motion to dismiss was again argued. We shall consider that now.

The judgment was entered May 8, 1947, motion for a new trial filed May 9, motion for a new trial overruled May 15. On May 19 plaintiff filed her notice of intention to appeal from so much of the judgment as related to dividing the interests of the parties in the real property involved. This was in time since May 18 fell on Sunday. In her motion in this court for permission to amend her notice of intention to appeal she stated in an affidavit accompanying the motion that she could neither read nor write, and it was her intention to appeal from all judgments, orders, rulings, decrees and findings, including the granting of a divorce to defendant, and matters relating to the division of property. This was the amendment we allowed her to make with the reservation that we would consider the effect of it when the appeal was finally submitted. We must consider the effectiveness of that amendment.

The matter of appeal in a divorce action is provided for, in part, by G. S. 1935, 60-1512. That section provides, in part, as follows:

"A party desiring to appeal from a judgment granting a divorce must within ten days after such judgment is rendered file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment; and unless such notice be filed no appeal shall be had or taken in such cause."

It should be noted that the above refers to appeals from a judgment granting a divorce. It does not refer to judgments for alimony

or dividing property. From the beginning we have held that the judgment granting a divorce and one for alimony were two distinct matters as far as appeal is concerned. (See *Kremer v. Kremer*, 76 Kan. 134, 90 Pac. 998; *Miller v. Miller*, 113 Kan. 22, 213 Pac. 634; *Metcalf v. Metcalf*, 132 Kan. 535, 296 Pac. 353; and *Teeter v. Teeter*, 152 Kan. 287, 103 P. 2d 809; also *Farrow v. Farrow*, 160 Kan. 30, 159 P. 2d 492.)

Had the plaintiff intended to appeal from the judgment of the trial court granting the divorce to the defendant, it was incumbent on her to file the notice of intention to appeal from it within ten days. This she did not do. The notice she did file was of her intention to appeal from so much of the judgment as divided the property. There was no necessity for her to file such a notice. She had two months to appeal from that judgment. (See G. S. 1947 Supp. 60-3309.) The notice of intention to appeal, which she filed May 19, 1947, was a nullity. There was no necessity for her to file it in order to appeal from so much of the order as had to do with the property.

Since the plaintiff filed no notice of her intention to appeal from the judgment granting the divorce within ten days after it was rendered, can we on motion grant her permission to amend the notice she did file, so as to constitute it actually a notice of intention to appeal from the judgment granting the divorce, and thereby confer jurisdiction on this court of an appeal of which but for the proposed amendment we did not have jurisdiction? To so hold would be to do away with the necessity for such notice at all. It would in reality be to allow the party desiring to appeal, to file her notice of such intention not within ten days of the rendering of the judgment but many weeks after that. No such provision is made in G. S. 1935, 60-3310, providing for amendment of notice of appeal.

We hold that the notice filed by the plaintiff May 19, 1947, of her intention to appeal from so much of the judgment as related to the property division was not a compliance with G. S. 1935, 60-1512, that the filing of such a notice was a condition precedent to the right of appeal and such a notice as was filed cannot be amended to comply with the statute by an amendment filed too late.

The notice of appeal was filed July 29, 1947. The judgment was rendered May 8, 1947. Since no effective notice of intention to appeal from the judgment granting the divorce was filed, the time

within which the appeal should have been taken is governed by G. S. 1947 Supp. 60-3309. That statute requires the appeal to be taken within two months of the date the judgment from which the appeal was taken was rendered. (See *Farrow v. Farrow*, supra; also *Gates v. Gates,* 160 Kan. 428, 163 P. 2d 395.) The notice of appeal was filed more than two months after the judgment was rendered. It follows there is no effective appeal here.

The appeal is dismissed.