No. 39,640

JOHN LANG, *Appellee*, v. GLADYS LANG, *Appellant*.

(282 P. 2d 390)

Opinion filed April 9, 1955.

*Howard W. Harper*, of Junction City, argued the cause, and *Lee Hornbaker*, of Junction City, and *Charles S. Murphy*, of Worcester, Massachusetts, were with him on the briefs for the appellant.

*C. L. Hoover*, of Junction City, argued the cause, and *Robert A. Schermerhorn* and *A. B. Fletcher, Jr.*, both of Junction City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a divorce action, and the decisive question is whether the appeal was taken in time.

For reasons which will hereinafter appear, we are compelled to hold that it was not, and that the appeal must be dismissed.

The facts are as follow:

Plaintiff husband sued his wife for divorce on the ground of abandonment for one year. She answered and filed a cross-petition for separate maintenance.

Trial of the case was had on February 15, 1954. At the conclusion of plaintiff's evidence defendant demurred on the ground of insufficiency thereof, and for the further reason that there was a lack of corroboration as required by law. It was agreed, however, that defendant would go ahead and introduce her evidence in support of her answer and cross-petition, notwithstanding the demurrer was taken under advisement. Following this the parties filed briefs on the question raised by the demurrer.

On March 3, 1954, the court overruled defendant's demurrer, denied her cross-petition for separate maintenance, and entered a decree of divorce to plaintiff.

No property rights were in any way involved.

On March 4, 1954, in compliance with G. S. 1949, 60-1512, defendant filed her notice of intention to appeal from the decree of divorce.

On March 4, 1954, defendant filed a motion for a new trial, alleging the statutory grounds (G. S. 1949, 60-3001).

We also are advised that on March 4, 1954, defendant filed a motion to correct the court's written memorandum opinion.

On July 3, 1954, the court overruled defendant's motions for a new trial and to correct the written memorandum opinion, and adhered to its decision of March 3rd which overruled defendant's demurrer to the evidence, denied her cross-petition for separate maintenance, and granted a divorce to plaintiff. The journal entry of judgment provided that the decree of divorce was effective as of March 3, 1954.

On July 19, 1954, defendant filed her notice of appeal to this court. The notice states that she was appealing

". . . from the orders, rulings, judgment and decree . . . entered and made in the above entitled action March 3, 1954, wherein plaintiff obtained a decree of divorce from defendant, and defendant's motions for a new trial and to correct the court's memorandum were overruled; and defendant does hereby appeal from the ruling on her demurrer to plaintiff's evidence herein, and from all orders, rulings and decisions made in said cause adverse to defendant."

The only specification of error is that the court erred in overruling the demurrer to plaintiff's evidence.

Plaintiff has filed a motion to dismiss the appeal on the ground that it was not taken in time.

The pertinent portions of our statute, G. S. 1949, 60-1512, relating to appeals from decrees of divorce, read:

". . . A party desiring to appeal from a judgment granting a *divorce* must within *ten days* after such judgment is rendered file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment; and unless such notice be filed no appeal shall be had or taken in such cause. If notice be filed as aforesaid, the party filing the same may commence proceeding on appeal for the reversal or modification of such judgment at any time within *four months* from the date of the decree appealed from, *and not thereafter; . . .*" (Our emphasis.)

It will be observed that the provisions just quoted refer to an appeal from a judgment granting a *divorce,* and do not mention an appeal from a judgment awarding alimony or making a division of property.

In the case before us no judgment was rendered with respect to property rights except that the court denied defendant's cross-petition for separate maintenance. In other words, the extent of the decree was to grant plaintiff a *divorce.*

As heretofore stated, defendant filed her *notice of intention to appeal* from the decree of divorce within the ten-day period, in compliance with the quoted portion of the statute, *supra.* However, the decree of divorce was rendered on March 3, 1954, and defendant's *notice of appeal* was not filed until July 19, 1954, some four and one-half months thereafter, which plaintiff contends was too late.

Defendant counters with the argument that under G. S. 1953 Supp. 60-3314a, which reads:

"When an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling."

she is not precluded from obtaining a review of the order overruling her demurrer to plaintiff's evidence, inasmuch as her notice of appeal was filed within two months (G. S. 1949, 60-3309) from the date of the order overruling her motion for a new trial.

We are of the opinion that this contention may not be sustained.

From the record before us, including the journal entry of judgment, it is clear that the trial court's order overruling the demurrer

to plaintiff's evidence, and the order granting plaintiff a decree of divorce, were in fact one order or judgment, so to speak. This judgment was rendered on March 3, 1954, and is the judgment sought to be reversed. In fact, defendant's entire argument is based upon the premise that plaintiff's evidence did not make out a case of abandonment for one year and that there was an utter lack of corroboration as required by law.

In numerous decisions of this court dealing with the divorce appeal statute, now appearing as G. S. 1949, 60-1512, pertinent portions of which are quoted *supra*, it has been held that the features of a divorce action are separable and independent to such an extent that the requirement of the ten-day notice of intention to appeal does not apply to the alimony or property settlement feature of the case. In other words, it has been held that where the appeal is from the judgment of *divorce* the requirements of the mentioned statute are mandatory and imperative, but that they do not apply where the appeal is only from an award of *alimony* or an order making a *division of property*.

In *Kremer v. Kremer*, 76 Kan. 134, 90 Pac. 998, the appeal was from an order making a division of property. It was contended the appeal should be dismissed because of failure to file notice of intention to appeal within ten days, and for the further reason the appeal was not taken within four months after the rendition of the judgment. This contention was not sustained, and the court held that as the appeal was only from the order making a division of property the general code provision relating to appeals applied, rather than the divorce appeal statute. In syllabus 4 it was held:

"In a suit for a divorce, where a dissolution of the marriage is granted by reason of the fault of the defendant and an order dividing the property is made, the decree of divorce and the judgment or order of division are so far distant and independent that the plaintiff may ask for a new trial only as to such division, and upon the denial of the motion may come to this court for a review thereof. And in such a case the plaintiff, not appealing from the judgment of divorce, need not give the notice nor commence the proceedings in error in compliance with section 647 of the code (Gen. Stat. 1901, § 5140) but may proceed under section 556 (Gen. Stat. 1901, § 5042)."

In passing, it should be noted that section 647 of the code (Gen. Stat. 1901, § 5140) corresponds to G. S. 1949, 60-1512, and that section 556 (Gen. Stat. 1901, § 5042) corresponds to G. S. 1949, 60-3309, except that under the earlier statute the general code provision provided that an appeal must be commenced within one

year after the rendition of the judgment, while 60-3309 provides for a two-month period.

In *Metcalf v. Metcalf,* 132 Kan. 535, 296 Pac. 353, a divorce was granted and a judgment entered with respect to property rights, expenses and attorney fees, and from this judgment, and the several orders and rulings made, an appeal was taken. A motion was filed to dismiss the appeal on the ground no notice of intention to appeal had been filed within ten days after the rendition of judgment, as required by the statute, which now appears as G. S. 1949, 60-1512. It was held that due to failure to comply with the statute the divorce feature of the appeal was not reviewable but that matters relating to property rights were. In paragraphs 1 and 2 of the syllabus it was held:

"Where a party desiring to appeal from a judgment granting a divorce files the notice of such intention but not within the ten-day limit as required by R. S. 60-1512, the appeal must be dismissed as to the divorce branch of the case, but the alimony feature of the case does not require such notice and it may be retained, reviewed and determined on appeal."

"The alimony feature of an action for divorce is so far distinct and independent of the divorce part of the case that a party may, where both branches are involved, appeal from an adverse judgment or order on the alimony branch alone."

A like situation was present in *Farrow v. Farrow,* 160 Kan. 30, 159 P. 2d 492, reference to which is made for a recital of the facts. In the course of the opinion it was said:

"Applying the principles of the above cases to the present case, it appears there was no timely filing of an intention to appeal, and we are therefore without jurisdiction to consider the divorce features of the judgment, which might be involved in any consideration of the trial court's ruling on the motion for a new trial. Had there been a timely notice of intention, there was no commencement of an appeal within four months from the date of the decree." (pp. 31 and 32.)

In the syllabus it was held:

"A party desiring to appeal from a judgment granting a divorce must, within ten days after such judgment, file in the office of the clerk of the district court a written notice stating that it is the intention of such party to appeal, and if such notice is filed the party filing the same may commence proceedings on appeal at any time within four months from the date of the decree appealed from." (Syl. 1.)

"The filing of a notice of intention to appeal is a condition precedent to the right of appeal." (Syl. 2.)

"A judgment for divorce and a judgment for alimony or for division of property rendered in connection therewith are so far separate and independent that notwithstanding the party desiring to appeal may be precluded from having a

review of the judgment for divorce because of his failure to give timely notice of his intention to appeal, yet he may have a review of the alimony or property features under the general provisions of the code of civil procedure." (Syl. 3.)

In *Klemenc v. Klemenc*, 164 Kan. 649, 192 P. 2d 171, the question concerned the right of appellant to amend a notice of intention to appeal so as to include therein the judgment granting the divorce. In the course of the opinion it was said:

"Had the plaintiff intended to appeal from the judgment of the trial court granting the divorce to the defendant, it was incumbent on her to file the notice of intention to appeal from it within ten days. This she did not do. The notice she did file was of her intention to appeal from so much of the judgment as divided the property. There was no necessity for her to file such a notice. She had two months to appeal from that judgment. (See G. S. 1947 Supp. 60-3309.) The notice of intention to appeal, which she filed May 19, 1947, was a nullity. There was no necessity for her to file it in order to appeal from so much of the order as had to do with the property." (p. 652.)

From the foregoing decisions it is clear that this court has consistently held that the features of a divorce action are separable and independent; that when a party seeks to appeal from the *divorce* feature of the judgment he must file a *notice of intention to appeal* within ten days after such judgment is rendered, as required by G. S. 1949, 60-1512; but that when the appeal is taken only from an award of *alimony* or an order making a *division of property* it is unnecessary to file the ten-day notice of intention to appeal, and in such case the appeal is governed by the general code provisions relating to appeals (G. S. 1949, 60-3309).

In the case before us, which is an appeal from the judgment granting a *divorce*, defendant did file her notice of intention to appeal within the ten-day period, and so—the question for decision really narrows down to whether, under the facts shown by the record, it was necessary for her to file her *notice of appeal* within *four months* from the date of the judgment granting the *divorce*, as also provided by G. S. 1949, 60-1512.

In our opinion it was.

It would be entirely illogical and contrary to the very language of the statute itself to hold that when one seeks to appeal from a decree of *divorce* he must comply with one provision of G. S. 1949, 60-1512, but not the other. It states that two things must be done— first, the *notice of intention to appeal* must be filed within ten days after rendition of judgment, and then, having filed such notice of

intention to appeal, proceedings for the reversal or modification of the judgment, that is, the *notice of appeal,* must be filed within *four months* from the date of the decree of *divorce* appealed from, *and not thereafter.* As previously stated, the notice of appeal in this case was filed some four and one-half months subsequent to the date the decree of *divorce* was granted. That, under the statute, was too late.

Reference already has been made to defendant's contention with respect to the application of G. S. 1953 Supp. 60-3314a, but it seems clear that provision is merely supplementary to, and is to be read in conjunction with G. S. 1949, 60-3309, the general code provision requiring appeals to be taken within two months from the date of the judgment or order from which the appeal is taken. When the Kremer case, *supra,* was decided the time for appeals generally, was within one year from the date of the judgment, and when the Metcalf case, *supra,* was decided the time was six months. However, during all of the intervening years the legislature has not seen fit to amend the pertinent portions of the divorce appeal statute now appearing as G. S. 1949, 60-1512.

In conclusion, we therefore hold:

When a party desires to appeal from a judgment granting a decree of *divorce,* as distinguished from *alimony* or *property division* phases of the judgment, he is required by the provisions of G. S. 1949, 60-1512, to do two things in order to give this court jurisdiction of the appeal. First, he must within ten days after such judgment is rendered file a written *notice of intention to appeal,* and second, he must file a written *notice of appeal* within *four months* from the date of the decree appealed from. When, however, the appeal is from the *alimony* or *property division* features of the judgment, the provisions of G. S. 1949, 60-1512, are inapplicable, and in such case the appeal is governed by the general code provisions relating to appeals (G. S. 1949, 60-3309).

The notice of appeal in this case, not being filed within four months from the date the *divorce* was granted, was too late, and did not confer jurisdiction upon this court to review the ruling under consideration. The appeal must be and is therefore dismissed.