Nos. 40,918 and 40,927

DARRELL V. THOMPSON, d/b/a THOMPSON TRANSPORT, and THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, *Appellants*, v. GROENDYKE TRANSPORT, INC., HOLTON TRANSPORT, INC., ARNOLD VELTMAN, KANSAS TRANSPORT COMPANY, RAPID TRANSIT, INC., and EARL BRAY, INC., *Appellees.*

(322 P. 2d 741)

Opinion filed March 8, 1958.

*Paul R. Wunsch,* of Kingman, and *J. Wm. Townsend* and *John E. Jandera,* both of Topeka, were on the briefs for appellant Darrell V. Thompson, d/b/a Thompson Transport.

*Clyde E. Milligan* and *Hollis B. Logan,* both of Topeka, were on the briefs for the appellant State Corporation Commission.

*Erle W. Francis,* of Topeka, *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Bernard V. Borst, D. Clifford Allison,* and *Gerald D. Lasswell,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: The above cases have been consolidated upon request of the parties and by reason of their stipulation, filed with the clerk of this court, the only question involved at this stage of the proceedings in each case, raised by appellees' motion to dismiss both appeals, is whether appellants have complied with the requirements of G. S. 1949, 60-3306 and perfected valid appeals from a judgment of the district court of Shawnee County vacating and setting aside an order of the State Corporation Commission granting the appellant motor carrier an extension of a certificate of convenience and necessity to transport certain petroleum products in areas already served, in whole or in part, by the appellee motor carriers.

The salient facts of record, on which the rights of the parties must stand or fall, cannot be disputed and will now be stated.

The district court entered its judgment vacating and setting aside the order of the State Corporation Commission on July 8, 1957. Thereafter, and on July 16, 1957, it promulgated and made its findings of fact and conclusions of law supporting such judgment. On August 1, 1957, appellant Darrell V. Thompson, d/b/a Thompson Transport, filed notice of appeal to this court with the clerk of the district court. Thereafter, and on August 7, 1957, appellant, The State Corporation Commission, filed its notice of appeal with the same official. Subsequently such clerk transmitted certified copies of both notices with proof of service endorsed thereon, together with certified copies of the judgment and order made by the court below to this court where separate appeals were docketed as cases Nos. 40,918 and 40,927.

On October 15, 1957, appellees filed their motion to dismiss the appeal in case No. 40,918, based on the premise appellant had taken only the first of the three steps required to perfect a valid appeal under G. S. 1949, 60-3306 and that the time in which to perfect such an appeal had long since expired.

Thereafter, and on December 12, 1957, all parties joined in the stipulation, to which we have heretofore referred, wherein it was stipulated and agreed that the subject matter and issues in cases

Nos. 40,918 and 40,927 were identical; that the motion to dismiss the appeal in No. 40,918 should be regarded as directed to and be considered as a motion to dismiss the appeal in No. 40,927; and that the determination of all matters and questions involved in No. 40,918 would be determinative of their rights in No. 40,927.

In view of the stipulation just referred to all facts hereinafter mentioned have reference to the record in No. 40,918. The notice of appeal and proof of service in such case appears on one sheet of paper. Resort to that instrument discloses that the notice is directed to the following parties:

"Groendyke Transport, Inc., P. O. Box 1068, Enid, Oklahoma; Holton Transport, Inc., Holton, Kansas; Arnold Veltman, Abilene, Kansas; Kansas Transport, Inc., McPherson, Kansas; Rapid Transit, Inc., Salina, Kansas; Earl Bray, Inc., Cushing, Oklahoma; and the Attorneys of Record, Erle W. Francis, Topeka, Kansas, Payne H. Ratner, Wichita, Kansas, and Clyde E. Milligan, The State Corporation Commission for the State of Kansas."

and that the proof of service, undated and unverified but signed by one of appellant's counsel, reads:

"True copy of the above Notice of Appeal mailed at Topeka, Kansas, postage prepaid, upon all parties of record, properly addressed, via first class mail."

. At this point it should be noted the previously related facts and what has just been quoted from the foregoing notice of appeal and proof of service affirmatively established certain matters not heretofore mentioned. They are: (1) That appellant Thompson made no proof of service of the notice of appeal by affidavit as required by G. S. 1949, 60-3306; (2) that service of the notice of appeal has not been acknowledged in writing by appellees or their attorneys of record; (3) that service of such notice has not been acknowledged by appellees or their attorneys of record by signing and returning a registered mail receipt card; (4) that no copy of such notice was personally served upon any of the appellees or their attorneys of record in the district court, i. e., Payne H. Ratner of Wichita, Kansas, and Erle W. Francis of Topeka, Kansas; and (5) that although the appellees Groendyke Transport, Inc., and Earl Bray, Inc., appear to have been parties upon whom personal service could not be made within the State of Kansas, such appellees were represented by attorneys of record upon whom such personal service could have been made within the state.

Finally, and for reasons to be presently mentioned, it should be stated that on January 6, 1958, the date on which he filed his type-

written brief in response to appellees' motion to dismiss the appeal, appellant Thompson filed a motion in this court asking that he be permitted to amend his notice of appeal, pursuant to G. S. 1949, 60-3310, by adding a jurat to his proof of service. This motion, it is to be noted, was filed more than three and one-half months after expiration of the date fixed by statute (G. S. 1949, 60-3309) for the perfection of his appeal.

Sections of the statute, material to a decision of the question presented by the motion to dismiss the appeal, have been previously noted and should now be quoted.

G. S. 1949, 60-3306 prescribes the manner in which appeals can be perfected. Provisions here pertinent read:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; or, if such service cannot be made within the state, service may be made by a notice, properly addressed to such persons or their attorneys of record at their places of residence, deposited in the mail, if their places of residence are known. *Proof of such service shall be made by affidavit, . . .; and thereupon the appeal shall be deemed to be perfected.*" (Emphasis supplied.)

G. S. 1949, 60-3309 fixes the time for perfection of an appeal. Provisions involved read:

"The appeal *shall be perfected within two months* from the date of the judgment or order from which the appeal is taken . . ." (Emphasis supplied.)

At the outset it can be stated the inviolate rule, under all our decisions dealing with the subject, is that where the record discloses lack of jurisdiction by reason of noncompliance with the essential requirements of 60-3306 and 60-3309, *supra,* it is the duty of this court to dismiss an appeal. See *Polzin v. National Cooperative Refinery Ass'n,* 179 Kan. 670, 298 P. 2d 333 and the numerous decisions cited at page 673 of its opinion.

In the face of a record, such as has been heretofore set forth, particularly since 60-3306 provides, and our decisions (*Hinkle v. Ward,* 133 Kan. 516, 518, 519, 1 P. 2d 83) hold, that an appeal may be perfected by service upon attorneys of record for adverse parties, much could be said with respect to appellees' contention that appellant's failure to personally serve a copy of his notice of appeal

upon appellees *or their attorneys of record* affords sound ground for dismissing the instant appeal. See, e. g., *Thisler v. Little,* 86 Kan. 787, 789, 121 Pac. 1123, where, in sustaining a motion to dismiss an appeal, based on similar grounds, it is said "Service by mail is permitted only when the appellee and his attorney of record cannot be served within the state and when their places of residence are known." Even so, we are not required to pass upon that question and prefer to dispose of this case upon another premise.

Here it can neither be disputed nor denied that under the record presented appellant failed to make proof of service of his notice of appeal by affidavit within the time in which to perfect such appeal. Thus we come to the all decisive question involved. Did appellant's failure to make any proof whatsoever *by affidavit* of the service made by him of his notice of appeal on appellees or their attorneys of record comply with the mandatory requirements of 60-3306?

We think a negative answer to the question just posed is warranted by what is said and held in *Polzin v. National Cooperative Refinery Ass'n,* supra. Of a certainty it is compelled by the opinion on motion for rehearing and modification in *Polzin v. National Cooperative Refinery Ass'n,* 180 Kan. 178, 179, 302 P. 2d 1003, where it is said:

"G. S. 1949, 60-3306 provides three distinct steps to be taken to perfect an appeal to this court when the adverse party or his attorney of record reside in this state. The first is, by filing notice of appeal with the clerk of the trial court, stating the party filing the same appeals from the judgment, order or decision complained of to the supreme court. The second is, by personally serving a copy of the notice of appeal on all adverse parties whose rights are sought to be affected, or their attorneys of record. *The third is, by making proof of such service by affidavit within the time prescribed by G. S. 1949, 60-3309 (Polzin v. National Cooperative Refinery Ass'n, supra), unless service of the notice of appeal is acknowledged in writing by appellee or his attorney of record, or unless service is acknowledged by the appellee or his attorney of record by signing and returning to the sender a registered mail receipt card acknowledging receipt of such notice thereon. (Von Der Heiden v. Williams' Estate, 162 Kan. 233, 175 P. 2d 117.) It is unnecessary for the party making the appeal to file proof of service by affidavit where service is acknowledged in writing since, in our opinion, the acknowledgment of service in writing constitutes a waiver of proof of service under the statute.*" (p. 179.) (Emphasis supplied.)

Conceding, as appellant suggests, the facts of the Polzin case are somewhat different does not warrant his contention the decisions in that case are distinguishable and have no weight as con-

trolling precedents. There the court was construing the force and effect to be given the requirements of the statutes (G. S. 1949, 60-3306 and 60-3309) now involved, hence the principles of law announced in those decisions are here applicable and decisive. There the court held that the three requirements prescribed by 60-3306 were mandatory and that compliance with all of them was necessary and required in order to perfect a valid appeal. And with specific reference to the last of the three requirements therein mentioned it is clear such decisions hold that, unless service of the notice of appeal is acknowledged in writing by an appellee or his· attorney of record, or unless service is acknowledged by the appellee or his attorney of record by signing and returning to the sender a registered mail receipt card acknowledging receipt of such notice, a litigant seeking to appeal from a judgment, order or decision does not perfect a valid appeal under 60-3306 unless he makes proof of service of his notice of appeal by affidavit within the time prescribed by 60-3309.

We believe the last mentioned rule of the Polzin decisions complies with the mandatory requirements of 60-3306, that it is sound, and that it should be adhered to. Therefore, based on what is said and held in those decisions and other decisions to which we have heretofore referred, we hold the motions to dismiss the involved appeals (Nos. 40,918 and 40,927) should be sustained and such appeals dismissed.

In reaching the conclusion just announced we have not overlooked the fact that appellant Thompson and, we may add, appellant State Corporation Commission, have each filed motions requesting that they be permitted to amend their notices of appeal, pursuant to G. S. 1949, 60-3310, by adding a jurat to their proof of service. We are not here disposed to write a thesis on the conditions and circumstances under which appeals, when once validly perfected, can be amended pursuant to the provisions of the foregoing statute. The trouble from appellants' standpoint is that such statute has no application unless a valid appeal has been perfected. See *McQuin v. Santa Fe Trail Transportation Co.,* 155 Kan. 111, 115, 122 P. 2d 787; *Fruit v. Stacy,* 168 Kan. 632, 636, 215 P. 2d 140; *Salt City B., L. & S. Ass'n v. Peterson,* 145 Kan. 765, 767, 67 P. 2d 564; *Klemenc v. Klemenc,* 164 Kan. 649, 192 P. 2d 171. See, also, *Polzin v. National Cooperative Refinery Ass'n,* 179 Kan. 670, 677, 298 P. 2d 333, where it is said an affidavit of proof of service of a notice of appeal, filed more than two months after the date of the judgment, was

ineffective with respect to the perfection of the appeal. Here, as we have seen, no valid appeal was perfected within the time prescribed by 60-3309. For that reason appellants' motions to amend their notices of appeal cannot be sustained.

The appeals are dismissed.